IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| Milton Boyer and Kathy Boyer<br><br>         Plaintiffs,<br>  v.<br><br>Weyerhaeuser Company, *et al.*<br><br>         Defendants. | Case No. 14-cv-286 |

**EXPEDITED MOTION AND SUPPORTING MEMORANDUM TO CONDUCT DE BENE ESSE DEPOSITION OF MILTON BOYER WITHIN 14 DAYS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(d)**

   Plaintiffs moves the Court to issue an order pursuant to Federal Rule of Civil Procedure 26(d) for expedited taking of plaintiff Milton Boyer's de bene esse videotape deposition for use in his pending lawsuit.

SUPPORTING INFORMATION

1.  Plaintiff Milton Boyer is an individual who resides at 6725 N. Fairhaven Ave., Chili, WI 54420. He is a 59-year-old male who suffers from personal injuries resulting from the asbestos-related disease mesothelioma.

2.  Mesothelioma is an incurable cancer which causes rapid and progressive deterioration of health and always results in death.

3.  This case was filed on April 18, 2014. A Rule 26(f) conference has not been scheduled yet.

4. The complaint was served on all named defendants or their registered agents in this case prior to this motion being filed.

5. Mr. Boyer was diagnosed with mesothelioma on March 11, 2014. (Ex 1 at ¶2.)

6. Mr. Boyer's health and energy have been rapidly declining. (Ex 1 at ¶4.)

7. Mr. Boyer is usually too tired to continue conversation after about ninety minutes. (Ex 1 at ¶8.)

8. Due to his declining energy, Mr. Boyer spends between 20 and 24 hours of each day either on a couch, in a recliner, or in bed. (Ex 1 at ¶5.)

9. Mr. Boyer does not believe that he will be able to give a deposition one month from now. (Ex 1 at ¶10.)

10. Due to his deteriorating health, Mr. Boyer asks the Court to order videotaped deposition de bene esse testimony within fourteen days for use in his lawsuit for asbestos-related injuries.

11. In the experience of Plaintiff's counsel in over 200 mesothelioma cases, a mesothelioma patient's physical ability to testify and recall relevant information is always reduced by the time of diagnosis, and continues to diminish at an increasing rate for the remainder of the patient's life. A patient is usually incapable of giving meaningful deposition testimony long before death. A patient's physical deterioration is unpredictable, and a complete loss of ability to testify could occur suddenly and without warning.

12. Mr. Boyer is expected to testify to without limitation:

    a. Family history

    b. Employment history

    c. Job duties

      d.      Household activities involving dust from the plant

      e.      Community activities and proximity to plant emissions

      f.      Pain and suffering from mesothelioma and other asbestos-disease

      g.      His knowledge, if any, of the dangers of asbestos

The testimony is relevant to prove exposures to asbestos from the defendants' conduct, damages, and other issues relevant to Mr. Boyer's lawsuit.

13. Mr. Boyer is the only known witness known who can testify about several vital elements to his case. These include, without limitation, asbestos exposures that occurred outside the Marshfield plat during his childhood. Mr. Boyer's father loaded, drove, and unloaded a dump truck used daily by the Marshfield plant to dispose of asbestos dust and scrap. His father wore the same clothes home and they were covered with dust. Mr. Boyer came into contact his father's clothes when greeting his father and assisting his mother with the laundry.

14. Mr. Boyer's deteriorating health makes imperative expediting his videotaped deposition to serve the interests of justice.

15. This motion is being served on all defendants or their registered agents or counsel who is expected to appear for each defendant.

16. Plaintiff's counsel will serve answers to standard interrogatories on all defendants and provide defendants all medical records obtained by Plaintiff's counsel seven days prior to the taking of Mr. Boyer's deposition. Standard interrogatories will be in the form approved for federal cases previously filed by Cascino Vaughan Law Offices, and contain without

limitation: (1) medical diagnosis; (2) list of medical providers (3) employment history; (4) claimed locations of asbestos exposures; and (5) family history.

RELIEF REQUESTED

17. For the reasons stated above, Plaintiff asks the Court to issue an order, pursuant to Federal Rule of Civil Procedure 26(d), for the expedited taking of Mr. Boyer's de bene esse videotape deposition for use in his pending lawsuit, to be taken within fourteen days of the issuing of the order.

Dated: May 1, 2014.

   s/ Robert G. McCoy
Attorney for Plaintiff

Michael P. Cascino
Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, Illinois 60607
(312) 944-0600
(312) 944-1870 (fax)
ecf.cvlo@gmail.com
bmccoy@cvlo.com