UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
_____

MILTON BOYER and
KATHY BOYER,

    Plaintiffs,

vs.                                                             Case No.:  14-CV-286-slc

WEYERHAUSER COMPANY,
3M COMPANY,
DONALDSON COMPANY, INC.,
GARDNER-DENVER, INC.,
METROPOLITAN LIFE INS. CO.,
OWENS-ILLINOIS, INC., and

    Defendants.
_____

**DONALDSON COMPANY, INC.'S BRIEF IN OPPOSITION TO PLAINTIFFS'**
**EXPEDITED MOTION TO CONDUCT DE BENE ESSE DEPOSITION**
**OF PLAINTIFF MILTON BOYER**
_____

      Defendant, Donaldson Company, Inc., by its attorneys, Crivello Carlson, S.C., respectfully submits this response brief in opposition to plaintiffs' motion to expedite the deposition of plaintiff Milton Boyer.  Plaintiffs move pursuant to Rule 26(d) of the Federal Rules of Civil Procedure seeking a court ordering permitting Milton Boyer's deposition to be conducted within 14 days.  This motion is scheduled to be heard on May 8, 2014, meaning plaintiffs' request is for the deposition of Milton Boyer to occur by approximately May 22, 2014.

      However, plaintiffs have presented only subjective reports regarding Mr. Milton's ability to appear for deposition at a time later than May 22nd – that is, there is only Mr. Milton's word that he would be unable to appear at a more reasonable, if yet expedited, date.

1

Despite experience with presenting and hearing upon a similar motion before this court, in this matter, plaintiffs' counsel has not acted cooperatively or proactively to provide Mr. Milton's medical records collected to date, nor has plaintiffs' counsel gone further than to represent it will provide answers to "standard interrogatories" seven days prior to the deposition. On this record, plaintiffs have not met the applicable standard. Moreover, the expedited deposition would impose a significant hardship on the defendants, including due to the lack of cooperation by plaintiffs' counsel. Donaldson Company, Inc., respectfully requests that the court deny plaintiffs' motion.

## FACTUAL BACKGROUND

On April 18, 2014, plaintiff filed this lawsuit against nine defendants, including Donaldson Company, Inc. (hereinafter "Donaldson"), alleging claims of negligence and products liability. As of the time of completion of this brief, Weyerhauser Company and 3M Company have filed responsive pleadings, and counsel for Donaldson has appeared but has not yet filed a responsive pleading. The balance of the defendants have neither appeared nor answered.

Based on this posture, the parties have not yet conferred as required under Fed. R. Civ. P. 26(f) and, in the ordinary course, the parties would be foreclosed from discovery at this time. Fed. R. Civ. P. 26(d)(1); *see also* Plaintiffs' Brief ¶ 3. Plaintiffs seek a court order amending the timing and sequence of discovery pursuant to Fed. R. Civ. P. 26(d).[1] Notably, plaintiffs' reliance

---

[1] The Rule pursuant to which plaintiff moves concerns the timing and sequence of discovery and provides:

> (1) Timing. A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.
> (2) Sequence. Unless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice:
>   (A) methods of discovery may be used in any sequence; and
>   (B) discovery by one party does not require any other party to delay its discovery.

Fed. R. Civ. P. 26(d).

2

on the fact that a Rule 26(f) conference has yet to occur is somewhat disengenous – in earlier filed actions[2] involving many of the same parties, plaintiffs' counsel has not initiated the discovery conferences or yet met the obligation, per the court order setting the pretrial conference, to arrange the conference call to the court.

The facts on which plaintiff bases his motions are recited within the moving brief and supporting Declaration of Milton Boyer ("Boyer Decl."). In support of his motion, plaintiff states that he was diagnosed with mesothelioma about 56 days ago, on March 11, 2014. (Boyer Decl. ¶ 2). Mr. Milton is currently undergoing chemotherapy cycles spaced three weeks apart. (Boyer Decl. ¶ 3). He reports declining energy, weight loss and a decrease in appetite in the last month, and spends most of his time at home resting rather than engaging in his usual household tasks. *See* Boyer Decl. ¶¶ 4-7. Significantly, Mr. Milton's declaration does not state whether the changes in his subjective view of his condition are a result of the progression of his disease or an expected side effect of his chemotherapy treatments. *See* Boyer Decl.

It is Mr. Milton's opinion that he will be unable to give a deposition one month from now; he tires after 90 minutes of conversation. (Boyer Decl. ¶ 10). However, Mr. Boyer's opinion is based on an assumption that he is experiencing and will continue to experience a decline in energy at a constant rate. *See* Boyer Decl. ¶¶ 8-10.

Mr. Milton's statements, assumption, and subjective view of his condition, if shared by his treating physicians, have not been documented to the court. Nor have any medical records been shared with the defendants.

Certain facts recited in plaintiffs' moving brief are without any evidentiary support and should be disregarded by the court. *See* Brief at ¶¶ 2, 4, 11, 13.

---

[2] *Prust v. Weyerhauser Company, et al.,* W.D. Wis. Case No. 14-CV-143; *Masephol v. 3M Company, et al.,* W.D. Wis. Case No. 14-CV-186; *Sydow v. Weyerhauser Company*, W.D. Wis. Case no. 14-CV-219.

Plaintiffs' motion includes a proposal that plaintiff will unilaterally provide discovery information seven days prior to the deposition taking place. This information is contemplated to include all medical records collected by plaintiffs' counsel and answers to interrogatories to be crafted by plaintiffs' counsel on topics including medical diagnosis, list of medical providers, employment history, claimed locations of asbestos exposures, and family history. (Plaintiffs' Brief ¶ 16). However, these documents have not yet been provided. This is the situation despite the experience of plaintiffs' counsel in presenting a similar motion in another case involving Donaldson and other defendants common to this case – *Masephol*, W.D. Wis. Case No. 14-CV-186. In that case, a significant hearing on a similar motion resulted in an order requiring Mr. Masephol to present to the court and parties a physician's report justifying an expedited deposition of the plaintiff in that case.[3] In the present case, plaintiffs have resorted first to a motion to the court rather than to discussion and agreement among counsel. The motion to expedite Mr. Boyer's deposition is unsupported by the type of confirming medical evidence the court required following an hour-long hearing in the *Masephol* matter.

## **STANDARD FOR EXPEDITED DISCOVERY**

The plaintiffs' motion does not set forth the applicable standards for a motion to expedite discovery. Rule 30(a)(2)(ii) of the Federal Rules of Civil Procedure provides that leave of the court is required to take a deposition without the stipulation of the parties and prior to the Rule 26(f) conference.

Federal courts having considered expedited discovery requests are split as to whether a party seeking expedited discovery must satisfy a "good cause" or "reasonableness" standard, or the more stringent standard set forth in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982),

---

[3] Text Order dated April 16, 2014, ordering, in part, that: "plaintiff provid[e] to the court and counsel a report from some qualified treating physician as to plaintiff's current condition, prognosis and the level of need for such an expedited deposition."

which mirrors the standard required for obtaining a preliminary injunction. *See generally Sheridan v. Oak Street Mortgage*, LLC, 244 F.R.D. 520, 521 (E.D. Wis. 2007).  The former, the reasonableness standard, allows for expedited discovery when the need outweighs the prejudice to the responding party, based on the "entirety of the record to date and the reasonableness of the request in light of the surrounding circumstances."  6 James Wm. Moore Moore's Federal Practice § 26.121 (2009).  The latter, the *Notaro* standard, requires the movant demonstrate four elements to help the court decide whether to allow an expedited discovery schedule: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of irreparable injury; and (4) some evidence that the injury that will result without expedited discovery is greater than the injury a party will suffer if the expedited relief is granted.  *Id.*

The Eastern District of Wisconsin has applied the *Notaro* test in cases in which a party claimed that "without expedited discovery and the resulting earlier trial they [would] suffer irreparable damage."  *Centrifugal Acquisition Corp. v. Moon*, No. 09–C–327, 2009 WL 1249294, at *1, 2009 U.S. Dist. LEXIS 56170, at *2–3 (E.D. Wis. May 6, 2009) (citing *Notaro*, 95 F.R.D. at 405).  Additionally, in cases where the movant failed to cite legal authority in support of its motion, the Eastern District of Wisconsin applied the *Notaro* test.  *See Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 259 F.R.D. 385, 386-87, 2009 WL 2970494 (E.D. Wis. 2009).

Here, Donaldson requests the court apply the *Notaro* standard because 1) plaintiffs' motion to expedite fails to set forth any legal standards or authority, and 2) plaintiffs' motion mirrors the irreparable damage concepts and language of *Notaro* in arguing that his deteriorating health "makes imperative" his expedited deposition to "serve the interests of justice." (Plaintiffs' Brief at ¶ 14).

## **LEGAL ANALYSIS**

Courts have an obligation to protect defendants from unfairly expedited discovery. *Centrifugal Acquisition Corp.*, 2009 WL 1249294 at *1, 2009 U.S. Dist. LEXIS 56170 at *3. Leave to take expedited depositions under Rule 30(a) is granted only in exceptional cases. *See Pearce v Southeast Banking Corp*, 97 F.R.D. 535, 38 Fed. R. Serv. 2d 1526 (S.D. Fla 1983) (plaintiff's motion for expedited discovery was denied based on the court's finding that expedited discovery would work a great hardship on the defendants, requiring them to present themselves for deposition on very short notice).

Here, plaintiffs have not demonstrated the *Notaro* elements for expedited discovery: (1) irreparable injury; (2) some probability of success on the merits; (3) some connection between the expedited discovery and the avoidance of the irreparable injury; and (4) some evidence that the injury that will result without expedited discovery looms greater than the defendant will suffer if the expedited relief is granted. *Notaro*, 95 F.R.D. at 405. Mr. Milton's Declaration establishes he was diagnosed with mesothelioma about 56 days ago and that he has been experiencing symptoms which could be attributed to his chemotherapy cycles or his disease progression. At this stage, there is only Mr. Boyer's opinion about his ability to appear for deposition at a time beyond 14 days. Plaintiffs have not provided medical records or medical reports to clarify and establish that injury will result if Mr. Boyer's deposition does not occur within 14 days as compared to 45 days, or in the ordinary course of the case. Beyond the complaint, plaintiffs have not presented any information to the court or the parties that would establish, nor has he argued, that he has a probability of success on the merits. Any connection between the request to expedite and the requested relief is purely speculative. Not all of the defendants have appeared, and Donaldson has yet to answer. Particularly because Donaldson

6

has not previously been involved in asbestos litigation of this type, it will be disadvantaged by having seven days between receipt of discovery information selected by plaintiffs' counsel and Mr. Boyer's deposition. Plaintiffs have not demonstrated that the harm they might suffer outweighs the unreasonable burden it places on the defendants including Donaldson.

If the court applies a good cause or reasonableness standard, or adopts a standard blending these considerations with the *Notaro* elements, the plaintiffs' motion should nonetheless be denied. *See Qwest Comm. Int'l, Inc. v. Worldguest Networks, Inc.*, 213 F.R.D. 418 (D. Colo. 2003) (combining factors discussed in many cases to make "good cause" inquiry); *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (using a balancing test in which "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party."). Plaintiffs have not introduced evidence to establish the need for expedited discovery. Based on Mr. Boyer's Declaration and without any additional foundation, it is speculative to say the need to expedite his deposition outweighs the burden it imposes on Donaldson and the other defendants in appearing for his deposition in 14 days.

On the record before the court, granting plaintiffs' motion will unnecessarily complicate the proceedings and prejudice the parties. While Donaldson is willing to work cooperatively with plaintiffs and the other parties to find an agreeable time for his deposition, plaintiffs have not demonstrated the need for Mr. Boyer's deposition to occur within 14 days under circumstances which would deprive Donaldson of the opportunity to meaningfully investigate plaintiffs' claims.

Further, Donaldson reiterates that, prior to the handful of cases recently filed in the Western District of Wisconsin by plaintiffs' counsel, it has not previously been a party to

7

asbestos litigation. This motion and these cases are to Donaldson like any other products liability case. Donaldson requests that the court hold plaintiffs' to their burden of proof in advancing this type of motion, and consider especially that plaintiffs have not attempted to confer in good faith or share relevant information for purposes of securing the cooperation of the parties in advance of motion practice before the court.

## CONCLUSION

For the foregoing reasons, Donaldson Company, Inc. respectfully requests that the Court deny Plaintiffs' Expedited Motion to Conduct *De Bene Esse* Deposition of Plaintiff Milton Boyer.

Dated this 6th day of May, 2014.

             CRIVELLO CARLSON, S.C.
             Attorneys for defendant, Donaldson Company, Inc.


      BY:  *s/Travis J. Rhoades*
          TRAVIS J. RHOADES
          Wis. Bar No. 1033267
          JULIE P. WILSON
          Wis. Bar No. 1034792
          710 N. Plankinton Avenue, Ste. 500
          Milwaukee, WI 53203
          Phone: (414) 271-7722
          Fax: (414) 271-4438
          Email: trhoades@crivellocarlson.com
              jwilson@crivellocarlson.com