IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Milton Boyer and Kathy Boyer, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-00286-slc |
| ) | |
| Weyerhaeuser Company, et al., ) | |
| ) | |
| Defendants. ) | |

**OWENS-ILLINOIS, INC.'S MOTION TO DISMISS
WITH ITS SUPPORTING MEMORANDUM OF LAW**

Owens-Illinois, Inc. ("Owens-Illinois") submits this motion to dismiss with its supporting memorandum of law pursuant to Federal Rule of Civil Procedure 12(b)(6).

**INTRODUCTION**

Plaintiffs allege that Milton Boyer was exposed to asbestos beginning in 1973 and contracted mesothelioma. Pls.' Compl. ¶¶ 16, 18, ECF No. 1. Plaintiffs do not allege, however, that Mr. Boyer was exposed to asbestos-containing products manufactured by Owens-Illinois. Instead, they claim Mr. Boyer was exposed to Kaylo fire doors that were being manufactured by Weyerhaeuser. *Id.* at ¶ 15. There is no allegation that Weyerhaeuser ever used Owens-Illinois Kaylo door cores. Nor could Plaintiffs allege exposure because Owens-Illinois ceased the manufacture and sale of Kaylo door cores in 1958,[1] and Mr. Boyer began his employment in 1973. *See* Pls.' Compl. ¶ 16(a).

---

[1] *E.g., Strickland v. Owens Corning*, 142 F.3d 353, 355 (6th Cir. 1998); *Gillenwater v. Honeywell Int'l, Inc.*, 996 N.E.2d 1179, 1188, 1200 (Ill. App. Ct. 2013), *appeal denied*, 2014 WL 466089 (Ill. Jan. 29, 2014).

Accordingly, Plaintiffs' only claim against Owens-Illinois is that it "designed and sold licenses for a patent to manufacture of [sic] fire doors incorporating asbestos-containing cores." Pls.' Compl. ¶ 8.  Plaintiffs' claims against Owens-Illinois as a patent licensor fail as a matter of Wisconsin law.  Therefore, Plaintiffs' Complaint should be dismissed with prejudice because Plaintiffs' allegations fail to state any claim upon which relief can be granted against Owens-Illinois.

## **LEGAL STANDARD**

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under the federal notice pleading standards, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "In evaluating the sufficiency of the complaint, [courts] view it in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the Plaintiffs' favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

A motion to dismiss should be granted when the complaint does not plead a cause of action recognized by the law of the jurisdiction. *See Intercon Research Assocs., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 55 (7th Cir. 1982) (affirming district court's dismissal of claim). Although ordinarily plaintiffs are given leave to amend, a district court may dismiss a complaint with prejudice when it is clear that the plaintiff cannot cure the defect. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

## ARGUMENT

Plaintiffs' product liability claims, which are pled against Owens-Illinois as a patent licensor, fail because they have no basis in Wisconsin law. No Wisconsin case has ever recognized a product liability action—based on either negligence or strict liability—against a patent licensor. In fact, Plaintiffs' allegations contravene both Wisconsin law and patent law.

### I. Plaintiffs' Allegations Contradict Patent Law.

Plaintiffs' allegations contradict both patent law and the patent at issue, U.S. Patent No. 2,593,050 (filed Jan. 24, 1952), attached as Ex. A.[2] A patent "creates a limited opportunity to obtain a property right in an idea." *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 149 (1989). That "patent-right is incorporeal property, not susceptible of actual delivery or possession." *Waterman v. Mackenzie*, 138 U.S. 252, 260 (1891). "A patent is not the grant of a right to make or use or sell." *Siemens Med.*

---

[2] The Court may consider documents that are "referred to in the Plaintiff's complaint and are central to his claim." *Adams v. City of Indianapolis*, 742 F.3d 720, 729 (7th Cir. 2014) (citation omitted); *Wagner v. Dept. of Health Servs.*, No. 12-cv-463-wmc, 2013 WL 3776327, at *6 n.2 (W.D. Wis. July 17, 2013) (citing *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).

*Solutions USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 647 F.3d 1373, 1375 (Fed. Cir. 2011) (citations omitted). Instead, a patent grants a negative property right: "the right to exclude others from making, using, offering for sale, or selling the invention." 35 U.S.C. § 154(a)(1). Plaintiffs cannot maintain a product liability claim against Owens-Illinois, based not on a product, but an idea.

Furthermore, Plaintiffs' allegation is incorrect that Owens-Illinois "sold licenses for a patent to manufacture of [sic] fire doors incorporating asbestos-containing cores[.]" Pls.' Compl. ¶ 8.[3] It is a "bedrock principle" of patent law that "the claims of a patent define the invention to which the patentee is entitled the right to exclude." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1312 (Fed. Cir. 2005); *accord Aro Mfg., Co. v. Convertible Top Replacement Co.*, 365 U.S. 336, 339 (1961) ("[T]he claims made in the patent are the sole measure of the grant."). The invention claimed here by Owens-Illinois exists only in the '050 patent claims and not the specification. *See Smith v. Snow*, 294 U.S. 1, 11 (1935) ("[T]he claims of the patent, not its specifications, measure the invention."); *Comark Commc'n, Inc. v. Harris Corp.*, 156 F.3d 1182, 1186 (Fed. Cir. 1998) ("[L]imitations from the specification are not to be read into the claims.").

The '050 patent does not require asbestos. *See* U.S. Patent No. 2,593,050 col. 4 l. 34 - col. 6 l. 30 (filed Jan. 24, 1952). None of the claims requires asbestos. *Id.* Instead, the '050 patent claims a "door or panel" comprising, in part, "a core of inorganic, rigid, fire-proof, light weight material of a substantially uniform apparent density and

---

[3] Even if Plaintiffs' allegation was accurate, which it is not, it would not matter. There is no viable product liability cause of action for licensing intellectual property.

consistency throughout . . . ." *Id.* What core material a licensee ultimately used in its fire doors did not depend on the '050 patent or the patent license with Owens-Illinois.

II. **Plaintiffs Have No Strict Liability Claim Against Owens-Illinois Based on Its Licensing a Patent.**

Although Plaintiffs assert strict products liability against Owens-Illinois (*see* Pls.' Compl. ¶¶ 31-37), no Wisconsin case has ever imposed strict liability on a patent licensor. Strict liability extends only to "manufacturers, distributors and sellers—those who place or maintain the product in the stream of commerce." *St. Clare Hosp. of Monroe, Wis. v. Schmidt, Garden, Erickson, Inc.*, 148 Wis. 2d 750, 757, 437 N.W.2d 228, 231 (Wis. Ct. App. 1989). Wisconsin cases and federal cases applying Wisconsin law have refused to extend strict liability to companies that did not place the product in the stream of commerce. *See Tatera v. FMC Corp.*, 2009 WI App 80, ¶¶ 16-21, 319 Wis. 2d 688, 701-03, 768 N.W.2d 198, 204-05, *rev'd on other grounds*, 2010 WI 90, ¶¶18-19, 328 Wis. 2d 320, 786 N.W.2d 810 (refusing to apply strict liability to provider of brake shoe linings it did not manufacture or sell that it had processed before incorporating them into a finished product); *Affiliated FM Ins. Co. v. Trane Co.*, 831 F.2d 153, 155 (7th Cir. 1987) (refusing to apply strict liability to a non-manufacturer product designer); *Geboy v. TRL Inc.*, 159 F.3d 993, 999-1000 (7th Cir. 1998)(refusing to apply strict liability to occasional buyers and sellers or brokers of used industrial machine products); *Fish v. Amsted Indus., Inc.*, 126 Wis. 2d 293, 310, 376 N.W.2d 820, 828 (Wis. 1985) (refusing to apply strict liability to successor of manufacturer of defective product).

To hold Owens-Illinois strictly liable as a patent licensor would require an expansion of Wisconsin strict liability law — an expansion that the Seventh Circuit has already held the Wisconsin Supreme Court would not permit. *Affiliated FM Ins.*, 831 F.2d at 155. In *Affiliated*, the Seventh Circuit decided whether the Wisconsin Supreme Court would impose strict liability on a designer of a heater, which was manufactured by a different company. *Id.* at 154. The Seventh Circuit determined that, because no Wisconsin case law permitted strict liability against non-manufacturer designers, holding the defendant strictly liable would require an expansion of Wisconsin law. *Id.* at 154-55.

Indeed, the Seventh Circuit explained the Wisconsin Supreme Court's own reluctance to extend strict liability:

> We conclude that the legislature is in a better position to make broad public policy decisions in actions based on products liability law. . . . The questions concerning the effect on the manufacturing business, the potential size and economic strength of successor corporations, the availability of commercial insurance and the cost of such insurance are all questions we cannot answer. These are the type of questions that the legislature is in a better position to ascertain. If such a basic change in corporation law is to be made it would seem reasonable for the change to come about through legislation rather than court decision.

*Id* at 155 (*quoting Fish*, 126 Wis. 2d at 310, 376 N.W.2d at 828-29). Following this reasoning, the Seventh Circuit refused to extend strict liability to a non-manufacturer designer. *Id.*

Here, as a patent licensor, Owens-Illinois did not place or maintain any product in the stream of commerce. *See id.* at 154-55; *see also St. Clare Hosp.*, 148 Wis. 2d at 757, 437 N.W.2d at 231. Weyerhaeuser Company — not Owens-Illinois — manufactured,

distributed, and sold the asbestos-containing fire doors. Accordingly, Plaintiffs' Complaint fails to state a strict liability claim against Owens-Illinois as a patent licensor.

### III. Plaintiffs Have No Negligence Claim Against Owens-Illinois Based on Its Licensing a Patent.

To assert a product liability action based on negligence, Plaintiffs must allege (1) a duty of care on the part of the defendant, (2) a breach of that duty, (3) a causal connection between the conduct and the injury, and (4) an actual loss or damage as a result of the injury. *Green v. Smith & Nephew AHP, Inc.*, 2001 WI 109, ¶ 55, 245 Wis. 2d 772, 810, 629 N.W.2d 727, 745. Duty is a threshold question of law for the court. *Strasser v. Transtech Mobile Fleet Serv., Inc.*, 2000 WI 87, ¶58, 236 Wis. 2d 435, 459, 613 N.W.2d 142, 154. Wisconsin law does not impose a duty on a company, which is in the chain of distribution, but did not manufacture, assemble, inspect, or use the product. *Geboy,* 159 F.3d at 1000-01.

In *Geboy*, the Seventh Circuit affirmed judgment for five prior owners of a vertical boring mill. *Id.* They never assembled, inspected, or used the mill. *Id.* Indeed, two prior owners never had physical possession of mill. *Id.* at 1001. The Seventh Circuit refused to impose a legal duty of care and create negligence liability, explaining that "[t]o expose every business that comes into contact with a product to potential liability 'would shock the conscience of society because it would have no sensible or just stopping point.'" *Id.* at 1000.

Here, as in *Geboy*, Owens-Illinois did not manufacture, sell, assemble, inspect, use, or even possess the products that allegedly caused Mr. Boyer's mesothelioma.

Instead, Owens-Illinois licensed a patent to Weyerhaeuser Company. Pls.' Compl. ¶¶ 8, 22, 33. Owens-Illinois's role as a patent licensor is even more remote and tenuous than the defendants' roles in *Geboy*. Absent any legal duty running from Owens-Illinois to Mr. Boyer based on its licensing a patent, the entire structure of his negligence claim—breach of duty, causation, damages—fails as a matter of law. *Geboy*, 159 F.3d at 1000-01.

For all of these reasons, Plaintiffs' Complaint fails to state any claim upon which relief can be granted against Owens-Illinois as a patent licensor.

## **CONCLUSION**

Owens-Illinois respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice.

Dated:  May 13, 2014  Respectfully submitted,

By: /s/Brian O. Watson
Edward Casmere
Joshua D. Lee
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois  60606
(312) 258-5500
(312) 258-5600 (facsimile)
*Attorneys for Defendant
Owens-Illinois, Inc.*

## CERTIFICATE OF SERVICE

I certify that on May 13, 2014, the foregoing was filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson  
Brian O. Watson

15640-1263

CH2\14634272.2