UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

**MILTON BOYER AND KATHY BOYER,**
    **PLAINTIFFS**

v.                                                                          CASE NO.     14-CV-286-slc

**WEYERHAEUSER COMPANY, ET AL.,**
    **DEFENDANTS.**

## WEYERHAEUSER COMPANY'S BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

Plaintiffs' motion for leave to file an amended complaint should be denied because the proposed amendments do not cure the deficiencies in their original complaint and would, therefore, be futile.

On April 18, 2014 Plaintiffs filed their original complaint which alleges that Plaintiff Milton Boyer was exposed to asbestos while working for Weyerhaeuser and consequently developed an asbestos-related disease. The original complaint contains negligence and nuisance claims against Weyerhaeuser. On April 30th, Weyerhaeuser filed a Rule 12(b)(6) motion to dismiss because Plaintiffs' admitted occupational claims are barred by Wisconsin's strict workers compensation exclusivity statute.[1] Plaintiffs did <u>not</u> file a response to Weyerhaeuser's motion on or before the May 21st deadline set by the Court. Instead, Plaintiffs ignored the response deadline and filed the instant Motion on May 30th – one month after Weyerhaeuser moved to dismiss – requesting leave to file an amended complaint.

Plaintiffs admittedly do not seek leave to amend to cure the deficiencies in the original complaint. Rather, Plaintiffs contend that the proposed amended complaint will have "similar language" as other related pending complaints and will allow their response to defendants'

---

[1] Co-defendant Owens Illinois filed a motion to dismiss on May 13, 2014.

1

motions to dismiss to "parallel[] other responses." (Rec. Doc. 36, ¶¶ 6, 7.)[2] In other words, Plaintiffs' proposed amendment is technical rather than substantive. Indeed, the proposed amended complaint contains no new substantive causes of action, and the counts against Weyerhaeuser remain the same – intentional nuisance and negligent nuisance.[3] In short, Plaintiffs' proposed amended complaint would fail for the same reasons as the original and is, therefore, futile.

While leave to amend should generally be freely given, Fed. R. Civ. P. 15(a)(2), it is "inappropriate" when the amendment would be futile. *Feldman v. Am. Mem'l Life Ins. Co*., 196 F.3d 783, 793 (7th Cir. Ill. 1999). An amendment is futile if "the complaint, as amended, would fail to state a claim upon which relief could be granted." *General Elec. Capital Corp. v. Lease Resolution Corp.,* 128 F.3d 1074, 1085 (7th Cir. Ill. 1997) (internal quotations omitted); *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co*., No. 97-C-155-C, 1998 U.S. Dist. LEXIS 11606, at *3-4 (W.D. Wis. Feb. 17, 1998) (internal citations omitted) ("[f]utile repleadings include restating the same facts using different language. . . . failing to state a valid theory of liability . . . and the obvious unlikelihood that the amended complaint would survive a motion to dismiss"); *Glenn v. Wiza*, No. 06-C-0179, 2007 U.S. Dist. LEXIS 15476, at *18 (E.D. Wis. Mar. 5, 2007) (rejecting proposed amendment that did "not add factual allegations that alter the substance of his complaint or cure any defects").

Because Plaintiffs do not cure the numerous substantive and procedural defects of their original complaint, Plaintiffs' amended complaint would still not survive the pending motions to

---

[2] According to Plaintiffs, these reasons somehow provide good cause to include "the new defendants and cause of action." (Rec. Doc. 36, ¶ 9.) But the proposed amended complaint does not add any new defendants and the causes of action remain essentially the same. In fact, Plaintiffs' proposed amended complaint drops two defendants, Donaldson Company and Gardner Denver, both of which have already been dismissed from this matter.

[3] Plaintiffs' causes of action against the remaining defendants likewise remain essentially the same. Plaintiffs' counts against Owens Illinois are still based in product liability-negligence and unreasonably dangerous product liability; counts against 3M are still strict product liability and product liability-negligence; and the count against Metropolitan Life remains civil conspiracy.

dismiss. Like the original, Plaintiffs' amended complaint claims that the alleged injuries were caused by Milton Boyer's employment with Weyerhaeuser. And, like the original, the proposed amendment is deficient under Federal pleadings requirements. Because the amended complaint would be futile, Plaintiffs' motion should be denied.

WHEREFORE, Weyerhaeuser respectfully request the Court to deny Plaintiffs' Motion for Leave to File First Amended Complaint.

Respectfully submitted this 6th day of June, 2014.

Counsel for Weyerhaeuser Company,

/s/ Joshua J. Metcalf
Joshua J. Metcalf (MS Bar No. 100340)
Tanya D. Ellis (MS Bar No. 101525)
FORMAN PERRY WATKINS KRUTZ & TARDY LLP
200 South Lamar Street
City Centre Building, Suite 100 (39201)
Post Office Box 22608 (39225-2608)
Jackson, Mississippi
Phone: (601) 960-8600
Facsimile: (601) 960-8613
Email: ellistd@fpwk.com
Email: metcalfjj@fpwk.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 6, 2014, the foregoing was filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Joshua J. Metcalf
Joshua J. Metcalf