IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Milton Boyer and Kathy Boyer, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-00286-wmc |
| ) | |
| Weyerhaeuser Company, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT OWENS-ILLINOIS, INC.'S
MOTION TO COMPEL AND RESUME THE SUSPENDED DEPOSITION**

Owens-Illinois, Inc. ("Owens-Illinois"), pursuant to Federal Rules of Civil Procedure 30 and 37, requests an order (1) compelling discovery responses from Plaintiffs, (2) determining the sufficiency of Plaintiffs' responses to the requests for admission, and (3) resuming Milton Boyer's suspended deposition after compliance with the order.

**BACKGROUND**

Plaintiffs allege that Milton Boyer developed mesothelioma from asbestos at a door plant in Marshfield, Wisconsin, owned and operated by Roddis Plywood Corporation and later by Weyerhaeuser Company. Pls.' Compl. ¶¶ 3, 15-21, ECF No. 1. On June 11, 2014, the Court granted Plaintiffs' motion to hold Mr. Boyer's deposition on a highly expedited basis, but ordered Plaintiffs to make *every effort* to enable the deposition. Additionally, Plaintiffs agreed during the hearing to make Mr. Boyer available for deposition when additional discovery has occurred.

Contrary to those in-court proceedings, Plaintiffs failed to properly answer

Owens-Illinois's targeted discovery before Mr. Boyer's deposition.[1] Plaintiffs' counsel also refused to show Mr. Boyer the targeted discovery (much less verify the responses under oath):

> Q      Mr. Boyer, do you have in front of you Exhibit A, which is a seven-page document with the title plaintiff's responses to defendant Owens-Illinois Inc.'s first set of bankruptcy trust interrogatories and request for production to plaintiff?
>
> A      Yes.
>
> Q      Have you ever seen that document before?
>
> A      No.
>
> \* \* \*
>
> Q      Mr. Boyer, do you have before you Exhibit B, which is titled plaintiff's responses to defendant Owen-Illinois Inc.'s first set of product specific requests for admission[,] interrogatories and request for production to plaintiff?
>
> A      Yes.
>
> Q      Have you ever seen that document before?
>
> A      No, sir, I have not.[2]

Instead, Plaintiffs' counsel wrote an inaccurate declaration, which Mr. Boyer then testified, "Obviously [he] didn't really read it — if [he did, he] didn't do very good."[3]

As the events unfolded last week, Owens-Illinois's counsel attempted three times in good faith to resolve the disputes without court action.[4] But Plaintiffs' counsel did

---

[1] Pls.' Resp. Def. Owens-Illinois, Inc.'s First Set Prod. Specific Req. Admis., Interrogs., & Reqs. Prod., attached as **Ex. A**; Pls.' Resp. Bankr. Trust Interrogs. & Reqs. Prod., attached as **Ex. B**.

[2] Dep. Milton Boyer 134:22-135:5, June 16, 2014, **ECF No. 61**.

[3] *Id.* at 183:19-184:2.

[4] Letter from Brian Watson, attached as **Ex. C**; Dep. Milton Boyer 2:14-3:25; Dep. Milton Boyer 92:2-98:7, June 18, 2014, **ECF No. 62**.

not confer and made clear they would "argue in front of the judge."[5] Indeed, despite their representations in the hearing on June 11, 2014, Plaintiffs' counsel asserted that Owens-Illinois was "waiving its right to ask any questions" of Mr. Boyer.[6]

Before the deposition, Owens-Illinois served two sets of targeted discovery: (1) product-specific discovery, and (2) bankruptcy trust discovery.[7] With the former, Owens-Illinois issued eight requests for admission about the most basic factual allegations against Owens-Illinois.[8] Where Plaintiffs would not admit the request, Owens-Illinois demanded the identity of any witness or a copy of any document supporting their response.[9] Plaintiffs did not identify a single witness or document while refusing to admit five requests and providing boilerplate responses. Those responses also raise serious questions because Plaintiffs' counsel have represented in the *Seehafer* case that they have nothing (other than a patent license) that shows any connection between Owens-Illinois and this Marshfield plant:

> MR. CASCINO: We have no documents. And if we do, there may be one or two invoices I saw, but I don't even believe, my legal assistant's saying no, shaking his head no is that there are none.
>
> So the only thing we have are, again, is what Riley provided us, which was an affidavit by him saying that they did have a process patent.
>
> THE COURT: Okay. Well we will take that then as your

---

[5] Dep. Milton Boyer 2:14-3:25, June 16, 2014; Dep. Milton Boyer 92:2-98:7, June 18, 2014.

[6] Dep. Milton Boyer 96:13-98:7, June 18, 2014.

[7] Pls.' Resp. Def. Owens-Illinois, Inc.'s First Set Prod. Specific Req. Admis., Interrogs., & Reqs. Prod.; Pls.' Resp. Bankr. Trust Interrogs. & Reqs. Prod.

[8] Pls.' Resp. Def. Owens-Illinois, Inc.'s First Set Prod. Specific Req. Admis. 1-8.

[9] Pls.' Resp. Def. Owens-Illinois, Inc.'s First Set Prod. Specific Req. Admis. 1-8.

> representation with respect to having searched the materials, and you're telling me then you see nothing that shows any specific kind of connection, other than what you said with respect to information you have for Mr. Riley that I presume Mr. Casmere is aware of.
> MR. CASCINO: Yes, Your Honor. That's true.[10]

Second, Owens-Illinois issued targeted discovery about asbestos bankruptcy trusts.[11] As explained in the Motion for Relief under Wis. Stat. § 802.025 (ECF No. 52), that discovery is vital for obtaining full, accurate, and timely information about the bankrupt companies responsible for Mr. Boyer's mesothelioma. But Plaintiffs' responses to Interrogatory Nos. 5, 6, and 7 and Request to Produce No. 3 are evasive and inaccurate.[12] Plaintiffs admit in their responses to "Standard Interrogatories" that Mr. Boyer was exposed to asbestos products manufactured and sold by bankrupt companies, including at least Johns Manville and Owens Corning Fiberglas, but they apparently have deferred those claims.[13]

The Court should not condone these tactics. Nor should Owens-Illinois be prejudiced by the Plaintiffs' strategically expediting Mr. Boyer's deposition while withholding documents and witness names. Without meaningful disclosure or discovery about Plaintiffs' allegations, Owens-Illinois was ordered into a highly expedited trial deposition of Mr. Boyer with only a fraction of the relevant evidence

---

[10] Hr'g Tr. 8:19-9:7, *Seehafer v. Weyerhaeuser Co.*, No. 14-cv-00059 (E.D. Pa. Jan. 13, 2014), *transferred under* No. 14-cv-00161 (W.D. Wis. Feb. 20, 2014), attached as **Ex. D**. Robert Riley is an attorney at Schiff Hardin LLP, and he did not provide such an affidavit.

[11] Pls.' Resp. Bankr. Trust Interrogs. & Reqs. Prod.

[12] *Id.* at Interrogs. 5-7, Reqs. Prod. 3.

[13] Pls.' Resp. Standard Interrog. No. 19, ECF No. 38-4.

allegedly in Plaintiffs' control. This Court should follow the lead of prior courts decision involving Plaintiffs' counsel and use this case as an opportunity to address and admonish this type of gamesmanship.

## LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim." Fed. R. Civ. P. 26(b)(1). This rule establishes a liberal discovery policy. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Therefore, if a party served with discovery fails to respond, the party requesting discovery may move for an order compelling responses. Fed. R. Civ. P. 37(a)(3)(B).

The party who opposes discovery, whether by seeking a protective order or by objecting and forcing a motion to compel, bears the burden of persuading the court— with specific reasons—that the discovery requested is improper. *See Gile v. United Airlines, Inc.*, 95 F.3d 492, 495-96 (7th Cir. 1996). District courts also retain "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

## ARGUMENT

I.  **Plaintiffs Should Be Compelled to Answer Owens-Illinois's Targeted Interrogatories and Requests for Production.**

Plaintiffs have not responded properly to Owens-Illinois's targeted discovery. *See* Pls.' Resp. Def. Owens-Illinois, Inc.'s First Set Prod. Specific Interrogs. Nos. 1, 2, 3, 7,

8 & Reqs. Prod. 1-11; Pls.' Resp. Bankruptcy Trust Interrogs. Nos. 5, 6, 7 & Req. Prod. 3. Plaintiffs did not identify one individual or produce one document, as requested at Schiff Hardin LLP, before Mr. Boyer's expedited deposition. Fed. R. Civ. P. 33(b)(3); Fed. R. Civ. P. 34(b)(2). Nor have Plaintiffs given a date and time when they would produce the responsive documents for inspection and copying.[14]

Plaintiffs' repeated references to "see general response" and "responsive documents, if any, will be provided," without any apparent organization, coherent explanation, or specific responsiveness, violate the Federal Rules of Civil Procedure. *See U.S. v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (observing that discovery seeks to make "trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent"); *Indianapolis Amusement Co. v. M.G.M. Distrib. Grp.*, 90 F.2d 732 (7th Cir. 1937) (observing that discovery seeks "to prevent clumsy or wasteful litigation"); *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. at 363 (discussing information dump). Under similar circumstances, Plaintiffs' counsel have been admonished that such a "non-specific information dump" is improper. *Unzicker v. A.W. Chesterton Co.*, 2012 WL 1966028, at *4 (E.D. Pa. May 31, 2012); *In re Asbestos Prods. Liab. Litig. (No. VI) (Doyle v. A.C. and S., Inc.)*, 2012 WL 6739912, at *6 (E.D. Pa. Dec. 27, 2012) (finding the "generality and lack of case-specific application 'render [discovery] incapable of being used by any defendant in any particular case'").

---

[14] If the Court permits Plaintiffs to produce the documents for inspection and copying at their attorneys' offices, Owens-Illinois has demanded that they "organize and label them to correspond to the categories in the request." Letter from Brian Watson (quoting Fed. R. Civ. P. 34(b)(2)(E)(i), and citing *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 351, 363-64 (N.D. Ill. 2005)).

Further, Plaintiffs' counsel have been warned repeatedly that "interrogatory responses not verified by the Plaintiff are not valid responses." *In re Asbestos Prods. Liab. Litig. (No. VI) (Ferguson v. A.C. and S., Inc.),* 2012 WL 5839023, at *7 (E.D. Pa. Nov. 16, 2012) (citation omitted). "Such verification is essential for establishing the truth of the answers so that they may be relied on by the parties during the litigation and at trial." *Id.* Yet, here, Plaintiffs' counsel did not show Mr. Boyer the targeted discovery, much less verify the truth of the responses under oath. *See* Dep. Milton Boyer 134:22-135:5, June 16, 2014. As *in In re Asbestos*, the answers should be stricken and proper answers should be compelled.

Experience also suggests that Plaintiffs will, if given the opportunity, "disregard[] the discovery process . . . for the sole purpose of giving Plaintiffs another opportunity to do what they have not done in so many of these cases from the start— produce witnesses who can and will connect a particular Plaintiff with a particular product in a particular case." *In re Asbestos Prods. Liab. Litig.*, 2012 WL 6739912, at *6. In fact, their "regular procedure" has not been proper federal disclosure and discovery, but "wait until a dispositive motion is filed and then, if possible, get declarations signed." E-Mail from Ron Archer at 1, Mar. 7, 2013, attached as **Ex. E**. It is therefore critical that Plaintiffs provide proper responses — from the outset — to Owens-Illinois's Product Specific Interrogatories 1, 2, 3, 7, and 8, and Requests for Production 1 through 11, as well as the Bankruptcy Trust Interrogatories 5, 6, and 7, and Request for Production 3.

## II. Plaintiffs Should Be Compelled to Properly Answer Owens-Illinois's Requests for Admission.

In addition, Plaintiffs have not properly answered Owens-Illinois's Product Specific Request for Admission No. 7. *See* Pl.'s Resp. Product Specific Req. Admis. No. 7. Federal Rule of Civil Procedure 36 provides that a party may serve requests to admit "the truth of any matters within the scope of Rule 26(b)(1) relating to . . . facts, the application of law to fact, or opinions about either." Fed. R. Civ. P. 36(a)(1). The purpose of Rule 36 is to define the matters in controversy and expedite the case by narrowing the disputed issues. *See* 8A Wright, Miller & Marcus, *Federal Practice and Procedure* § 2252, at 522-23 (3d ed. & April 2014 suppl.).

When a party does not admit the request for admission, it "must *specifically deny* it or *state in detail* why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4) (emphasis added). Here, however, Plaintiffs have neither admitted nor denied Request for Admission No. 7 that "no one worked with Owens-Illinois Kaylo ever in Milton Boyer's presence." Pl.'s Resp. Product Specific Req. Admis. No. 7.[15] Because Plaintiffs' response does not comply with Rule 36, the Court should either deem the request admitted or direct Plaintiffs to serve a proper response specifically denying or admitting the requests. Fed. R. Civ. P. 36(a)(6).

Owens-Illinois also notes, as the court did in *In re Asbestos*, that Plaintiffs'

---

[1] It is evident that Mr. Boyer was never exposed to Owens-Illinois Kaylo and no one worked with Owens-Illinois Kaylo ever in his presence. Mr. Boyer's employment and exposure to asbestos began in 1973. Pls.' Compl. ¶ 16(a), ECF No. 1. As Owens-Illinois explained in its motion to dismiss, Owens-Illinois stopped manufacturing Kaylo in 1958, over a decade before Mr. Boyer's first exposure. *See* Mot. Dismiss, ECF No. 26; Br. Opp'n, ECF No. 48.

- 8 -

response to Request for Admission No. 7 is contradicted by Federal Rule of Civil Procedure 11(b)(3). 2012 WL 5839023, at *4. By presenting their Complaint to the Court,

> counsel has certified . . . that "to the best of the [person's] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.
>
> While we do not suggest that it is necessary for Plaintiffs to have all of their evidence available before filing the complaint, Rule 11 establishes that Plaintiffs' obligations to investigate their cases and support them with evidence starts before their initial filing.

*Id.* (quoting *Unzicker*, 2012 WL 1966028, at *3 (quoting Fed. R. Civ. P. 11(b)(3))). Indeed, if Plaintiffs and their counsel lack knowledge or information as to Request for Admission No. 7 and they admit Request for Admission No. 6, the most basic factual allegations against Owens-Illinois have no evidentiary support.

## **CONCLUSION**

Faced with this motion, Plaintiffs will try to avoid, not meet, their obligations with an apparent belief that an asbestos case should be different. The myth that Plaintiffs are entitled to special, reduced burdens of production, procedural shortcuts, and relaxed evidentiary standards has no foundation in law. The substantive, procedural, and evidentiary rules are well established, and they are the same rules that apply in every other federal case. *See Shine v. Owens-Illinois, Inc.*, 979 F.2d 93, 96 (7th Cir. 1992); *Harris v. Owens-Corning Fiberglas Corp.*, 102 F.3d 1429, 1433 (7th Cir. 1996). Plaintiffs must be required to, and must in fact, meet their burden and comply with the

rules and court orders in the same manner, and to the same extent, as every other litigant in federal court.

For these reasons, Owens-Illinois, Inc. requests an order (1) compelling written discovery responses from Plaintiffs, (2) determining the sufficiency of Plaintiffs' responses to the requests for admission, and (3) resuming Milton Boyer's suspended deposition after compliance with the order.

Dated: June 23, 2014

Respectfully submitted,

By: /s/ Brian O. Watson
Edward Casmere
Brian O. Watson
Schiff Hardin LLP
233 S. Wacker Dr. Suite 6600
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (facsimile)

*Attorneys for Defendant
Owens-Illinois, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on June 23, 2014, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

**CERTIFICATE OF COUNSEL**

The undersigned attorney certifies that he attempted in good faith to confer with Plaintiffs' counsel on June 15, 16, and 18, 2014, and, after reasonable effort, was unable to resolve these disputes.

/s/ Brian O. Watson
Brian O. Watson