# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Milton Boyer and Kathy Boyer, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-00286-wmc |
| ) | |
| Weyerhaeuser Company, et al., ) | |
| ) | |
| Defendants. ) | |

PLAINTIFF'S RESPONSES TO DEFENDANT OWENS-ILLINOIS, INC.'S
FIRST SET OF PRODUCT SPECIFIC REQUESTS FOR ADMISSION,
INTERROGATORIES, AND REQUESTS FOR PRODUCTION TO PLAINTIFFS

REQUESTS FOR ADMISSION

Plaintiffs Milton Boyer and Kathy Boyer, by and through their attorneys, respond to defendant Owens-Illinois Inc.'s requests for admission as follows:

**REQUEST FOR ADMISSION NO. 1.** Admit that you have no information that Owens-Illinois Kaylo was ever present at Roddis Plywood Corporation in Marshfield, Wisconsin.

**RESPONSE**: Objection. This is not a proper request for admission pursuant to Federal Rule of Civil Procedure 36(a)(1)(A) in that it does not concern "facts, the application of law to fact, or opinions about either." Subject to the objection: Deny.

**REQUEST FOR ADMISSION NO. 2.** Admit that you have no information

1

that Owens-Illinois Kaylo was ever present at Weyerhaeuser Company in Marshfield, Wisconsin.

**RESPONSE:** Objection.  This is not a proper request for admission pursuant to Federal Rule of Civil Procedure 36(a)(1)(A) in that it does not concern "facts, the application of law to fact, or opinions about either."  Subject to the objection:  Deny.

**REQUEST FOR ADMISSION NO. 3.**     Admit that Milton Boyer was never exposed to asbestos from Owens-Illinois Kaylo.

**RESPONSE:** Objection.   The term "exposed" is vague and ambiguous without a statement of the relevant facts including, without limitation, products, asbestos content evidence, job sites, activities releasing asbestos fibers, duration of those activities, and evidence of inhalation of those fibers to which the request is addressed. The factual issues of exposure can only be resolved by a trier of fact who has heard a description of the working conditions, asbestos content of the products and expert testimony about issues such as industrial hygiene and medical causation.  Subject to the objection, plaintiff's counsel states: Deny.

**REQUEST FOR ADMISSION NO. 4.**     Admit that Milton Boyer never saw a package of Owens-Illinois Kaylo.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 5.**     Admit that Milton Boyer never

2

purchased Owens-Illinois Kaylo.

**RESPONSE:** Admit.

**REQUEST FOR ADMISSION NO. 6.**     Admit that Milton Boyer never worked with Owens-Illinois Kaylo.

**RESPONSE:** Objection.  The request is vague and ambiguous as to "worked with Owens-Illinois Kaylo.   Subject to the objection, plaintiff's counsel states: Admit.

**REQUEST FOR ADMISSION NO. 7.**     Admit that no one worked with Owens-Illinois Kaylo ever in Milton Boyer's presence.

**RESPONSE:**  Objection.  The request is vague and ambiguous as to "worked with."  Subject to the objection: Following reasonable inquiry, the information known or readily obtainable is insufficient to enable plaintiff to further admit or deny.

**REQUEST FOR ADMISSION NO. 8.**     Admit that the risk of take-home exposure to asbestos was not reported in the medical or scientific literature as of April 30, 1958.

**RESPONSE:**   Objection.  Expert reports have yet to be filed in this matter.  In addition, "exposure" is an ambiguous term and an evidentiary issue to be determined by the trier of fact based on lay and expert testimony. Subject to the objections: Deny.

3

Dated: June 13, 2014


S/<u>Robert G. McCoy</u>
Attorney for plaintiff
Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607-5308
tel: 312-944-0600
fax: 312-944-1870
email: <u>bmccoy@cvlo.com</u>

## INTERROGATORIES

Plaintiffs Milton Boyer and Kathy Boyer, by and through their attorneys, respond to defendant Owens-Illinois Inc.'s interrogatories as follows:

General Response: Responsive answers and documents were provided in plaintiffs' response to standard interrogatories, plaintiff's rule 26(a) disclosures in this case, and the documents attached to those responses and supplements thereto. These materials, the depositions taken in this case, declarations provided, and other written discovery responses made and all documents provided, are incorporated and adopted as part of this response. Plaintiff further incorporates and adopts all materials, documents and testimony provided to Cascino Vaughan Law Offices (CVLO) by Owens-Illinois or their counsel. Plaintiffs object to all discovery requests that are redundant and cumulative of discovery requests already answered.

**INTERROGATORY NO. 1.** If your answer to Request for Admission No. 1 is anything other than admit, please identify every individual who supports your answer.

**ANSWER:** Objection. The interrogatory is redundant and cumulative of discovery already provided. Subject to the objection, plaintiff's counsel states: See general response.

**INTERROGATORY NO. 2.** If your answer to Request for Admission No. 2 is anything other than admit, please identify every individual who supports your answer.

**ANSWER:** Objection. The interrogatory is redundant and cumulative of discovery already provided. Subject to the objection, plaintiff's counsel states: See general response.

**INTERROGATORY NO. 2.** If your answer to Request for Admission No. 2

5

is anything other than admit, please identify every individual who supports your answer.

**ANSWER:** Objection.  The interrogatory is redundant and cumulative of discovery already provided.  Subject to the objection, plaintiff's counsel states: See general response.

**INTERROGATORY NO. 3.**     If your answer to Request for Admission No. 3 is anything other than admit, please identify every individual who supports your answer.

**ANSWER:** Objection.  The interrogatory is redundant and cumulative of discovery already provided.  Subject to the objection, plaintiff's counsel states: See general response.

**INTERROGATORY NO. 4.**     If your answer to Request for Admission No. 4 is anything other than admit, please identify every individual who supports your answer.

**ANSWER:**     See response to request for admission No. 4.

**INTERROGATORY NO. 5.**     If your answer to Request for Admission No. 5 is anything other than admit, please identify every individual who supports your answer.

**ANSWER:**     See response to request for admission No. 4.

**INTERROGATORY NO. 6.**     If your answer to Request for Admission No. 6 is anything other than admit, please identify every individual who supports your answer.

**ANSWER:** Objection.  The interrogatory is redundant and cumulative of discovery

6

already provided.  Subject to the objection, plaintiff's counsel states: See general response.

**INTERROGATORY NO. 7.**      If your answer to Request for Admission No. 7 is anything other than admit, please identify every individual who supports your answer.

**ANSWER:** Objection.  The interrogatory is redundant and cumulative of discovery already provided.  Subject to the objection, plaintiff's counsel states: See general response.

**INTERROGATORY NO. 8.**      If your answer to Request for Admission No. 8 is anything other than admit, please identify every individual who supports your answer.

**ANSWER:** See response to request for admission No. 8.

Dated: June 13, 2014

As to statements and objections of counsel,

S/Robert G. McCoy
Attorney for plaintiff
Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607-5308
tel: 312-944-0600
fax: 312-944-1870
email: bmccoy@cvlo.com

-Signature of any person answering other than attorney to follow-

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1.** If your answer to Request for Admission No. 1 is anything other than admit, please produce every document that supports your answer.

**RESPONSE (WITH BATES NOS.):** Objection. The request is redundant and cumulative of discovery already provided. Subject to the objection, plaintiff's counsel states: Responsive documents, if any, will be provided upon arrangement with Cascino Vaughan Law Offices, Ltd., for inspection and copying at 220 S. Ashland Avenue, Chicago, IL, 60607.

**REQUEST FOR PRODUCTION NO. 2.** If your answer to Request for Admission No. 2 is anything other than admit, please produce every document that supports your answer.

**RESPONSE (WITH BATES NOS.):** Objection. The request is redundant and cumulative of discovery already provided. Subject to the objection, plaintiff's counsel states: Responsive documents, if any, will be provided upon arrangement with Cascino Vaughan Law Offices, Ltd., for inspection and copying at 220 S. Ashland Avenue, Chicago, IL, 60607.

**REQUEST FOR PRODUCTION NO. 3.** If your answer to Request for Admission No. 3 is anything other than admit, please produce every document that supports your answer.

**RESPONSE (WITH BATES NOS.):** Objection. The request is redundant and

cumulative of discovery already provided.  Subject to the objection, plaintiff's counsel states: Responsive documents, if any, will be provided upon arrangement with Cascino Vaughan Law Offices, Ltd., for inspection and copying at 220 S. Ashland Avenue, Chicago, IL, 60607.

**REQUEST FOR PRODUCTION NO. 4.** If your answer to Request for Admission No. 4 is anything other than admit, please produce every document that supports your answer.

**RESPONSE (WITH BATES NOS.):** Objection.  The request is redundant and cumulative of discovery already provided.  Subject to the objection, plaintiff's counsel states: Responsive documents, if any, will be provided upon arrangement with Cascino Vaughan Law Offices, Ltd., for inspection and copying at 220 S. Ashland Avenue, Chicago, IL, 60607.

**REQUEST FOR PRODUCTION NO. 5.** If your answer to Request for Admission No. 5 is anything other than admit, please produce every document that supports your answer.

**RESPONSE (WITH BATES NOS.):** Objection.  The request is redundant and cumulative of discovery already provided.  Subject to the objection, plaintiff's counsel states: Responsive documents, if any, will be provided upon arrangement with Cascino Vaughan Law Offices, Ltd., for inspection and copying at 220 S. Ashland Avenue, Chicago, IL, 60607.

**REQUEST FOR PRODUCTION NO. 6.** If your answer to Request for Admission No. 6 is anything other than admit, please produce every document that supports your answer.

**RESPONSE (WITH BATES NOS.):** Objection.  The request is redundant and cumulative of discovery already provided.  Subject to the objection, plaintiff's counsel states:

Responsive documents, if any, will be provided upon arrangement with Cascino Vaughan Law Offices, Ltd., for inspection and copying at 220 S. Ashland Avenue, Chicago, IL, 60607.

**REQUEST FOR PRODUCTION NO. 7.** If your answer to Request for Admission No. 7 is anything other than admit, please produce every document that supports your answer.

**RESPONSE (WITH BATES NOS.):** Objection. The request is redundant and cumulative of discovery already provided. Subject to the objection, plaintiff's counsel states: Responsive documents, if any, will be provided upon arrangement with Cascino Vaughan Law Offices, Ltd., for inspection and copying at 220 S. Ashland Avenue, Chicago, IL, 60607.

**REQUEST FOR PRODUCTION NO. 8.** If your answer to Request for Admission No. 8 is anything other than admit, please produce every document that supports your answer.

**RESPONSE (WITH BATES NOS.):** Objection. The request is redundant and cumulative of discovery already provided. Subject to the objection, plaintiff's counsel states: Responsive documents, if any, will be provided upon arrangement with Cascino Vaughan Law Offices, Ltd., for inspection and copying at 220 S. Ashland Avenue, Chicago, IL, 60607.

**REQUEST FOR PRODUCTION NO. 9**. Produce any and all purchase orders, invoices, bills of sale, bills of lading, sales receipts, contracts, or other documents reflecting the sale or delivery of any products you claim were manufactured, sold, supplied, packaged, distributed or designed by Owens-Illinois to any job site where you claim Milton Boyer (and, if alleging secondary exposure, the primarily exposed

individual) was exposed to these products.

**RESPONSE (WITH BATES NOS.):** Objection. The request is redundant and cumulative of discovery already provided. Subject to the objection, plaintiff's counsel states: Responsive documents, if any, will be provided upon arrangement with Cascino Vaughan Law Offices, Ltd., for inspection and copying at 220 S. Ashland Avenue, Chicago, IL, 60607.

**REQUEST FOR PRODUCTION NO. 10.** Produce any and all statements, written or recorded in some other manner, by any individual that relate to the exposure of Milton Boyer (and, if alleging secondary exposure, the primarily exposed individual) to products allegedly manufactured, sold, supplied, packaged, distributed, or designed by Owens-Illinois, or that relate to the use of or presence of any products allegedly manufactured, sold, supplied, packaged, distributed or designed by Owens-Illinois, or claimed to be at or in the vicinity of any site at which Milton Boyer (and, if alleging secondary exposure, the primarily exposed individual) worked.

**RESPONSE (WITH BATES NOS.):** Objection. The request is redundant and cumulative of discovery already provided. Subject to the objection, plaintiff's counsel states: Responsive documents, if any, will be provided upon arrangement with Cascino Vaughan Law Offices, Ltd., for inspection and copying at 220 S. Ashland Avenue, Chicago, IL, 60607.

**REQUEST FOR PRODUCTION NO. 11.** Produce any and all documents and records, in whatever form maintained, of payments to any witnesses in this matter from Cascino Vaughan Law Offices, Ltd. (and its related or affiliated persons), including but not limited to payments relating to any past, present, or future deposition testimony or affidavit, or any retainer or other agreement related to any past, present, or future deposition testimony or affidavit.

**RESPONSE (WITH BATES NOS.):** Objection.  The request is redundant and cumulative of discovery already provided.  Subject to the objection, plaintiff's counsel states: Responsive documents, if any, will be provided upon arrangement with Cascino Vaughan Law Offices, Ltd., for inspection and copying at 220 S. Ashland Avenue, Chicago, IL, 60607.

Dated: June 13, 2014

S/Robert G. McCoy
Attorney for plaintiff
Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607-5308
tel: 312-944-0600
fax: 312-944-1870
email: bmccoy@cvlo.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Milton Boyer and Kathy Boyer, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | Case No. 3:14-cv-00286-wmc |
| ) | |
| Weyerhaeuser Company, et al., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

The undersigned attorney certifies on June 13, 2014, that Defendant Owens-Illinois, Inc.'s First Set of Product Specific Requests for Admission, Interrogatories, and Request for Production to Plaintiff was served by electronic mail to counsel for Owens-Illinois, Inc.

                                                                           Attorney for plaintiff

S/ Robert G. McCoy

Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607-5308
tel: 312-944-0600
fax: 312-944-1870
email: bmccoy@cvlo.com

# Watson, Brian O.

| | |
|---|---|
| **From:** | Samuel W. Ertel <swertel@cvlo.com> |
| **Sent:** | Friday, June 13, 2014 6:29 PM |
| **To:** | Fischer, Matthew; Casmere, Edward M.; Watson, Brian O.; William P. Croke; Edward McCambridge; vzavala@SMSM.com; Emily Zapotocny; vzavala@SMSM.com |
| **Cc:** | Blake Edwards |
| **Subject:** | Boyer v. 3m et al. - Plaintiff's Responses to OI Discovery Requests |
| **Attachments:** | OI BK Rog_6-13-14.pdf; OI_IRROGS_RTA_RFP_6-13-14.pdf |

Dear Counsel:

I attach plaintiff's responses to Owens-Illinois' most recent discovery requests in this matter.

Best,

Samuel Ertel
Legal Assistant
Cascino Vaughan Law Offices, ltd.
220 South Ashland Avenue
Chicago, IL 60607

swertel@cvlo.com
(312) 944-0600 ext 6789

Confidential & Privileged
Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and/or confidential information/work product. This communication is intended for the use of the individual or entity named above.  If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.