EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Milton Boyer and Kathy Boyer, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:14-cv-00286-wmc |
| | ) |
| Weyerhaeuser Company, et al., | ) |
| | ) |
| Defendants. | ) |

PLAINTIFF'S RESPONSES TO DEFENDANT OWENS-ILLINOIS, INC.'S
FIRST SET OF BANKRUPTCY TRUST INTERROGATORIES
AND REQUESTS FOR PRODUCTION TO PLAINTIFFS

INTERROGATORIES

Plaintiffs Milton Boyer and Kathy Boyer, by and through their attorneys, respond to defendant Owens-Illinois Inc.'s first set of bankruptcy trust interrogatories and requests for production as follows:

INTERROGATORY NO. 1.  Identify every lawyer, including any referring lawyers, or entities that have filed, or retained the right to file, a lawsuit or claim for compensation against any company, Bankrupt Entity, and/or 524(g) Trust based on Plaintiff's exposure to asbestos.

ANSWER:    Objection.  The term "exposure" is vague and ambiguous without a list of the products, job sites and relevant facts to which the request is addressed.  The request calls for legal conclusion without providing relevant facts.  The exposure standard for bankruptcy is not equivalent to the exposure standard for civil tort claims.  The factual issues of exposure can only be resolved by a trier of fact who has heard a description of the working conditions, asbestos content of the products, and expert testimony about issues such as industrial hygiene and medical causation.  Subject to objection:  None other than Cascino Vaughan Law Offices.

INTERROGATORY NO. 2.  Have you or anyone else filed any claim for compensation with any 524(g) Trust or Bankrupt Entity as a result of Milton Boyer's exposure to asbestos?

1

ANSWER:     Objection.  The term "exposure" is vague and ambiguous without a list of the products, job sites and relevant facts to which the request is addressed.  The request calls for legal conclusion without providing relevant facts.  The exposure standard for bankruptcy is not equivalent to the exposure standard for civil tort claims.  The factual issues of exposure can only be resolved by a trier of fact who has heard a description of the working conditions, asbestos content of the products, and expert testimony about issues such as industrial hygiene and medical causation.  Subject to objection: I depend on my attorneys to handle my asbestos case.  I do not know what they filed.  Plaintiff's counsel states:  None at this time.

      INTERROGATORY NO. 3.  If the answer to Interrogatory Number 2 above is anything other than "No," state whether you have made, filed, or submitted a claim with or against any 524(g) Trust or other Bankrupt Entity seeking compensation for any alleged injury related to Plaintiff's asbestos exposure. For each claim state the following:

    (a)    The full identity of each entity and/or 524(g) Trust with or against whom such claim was made or filed, and the date where each such claim was made;
    (b)    The name and nature of the entity with which the claim was made;
    (c)    Any identifying number, such as a docket, file, or petition number, for each claim;
    (d)    The amount, if any, paid or agreed to be paid, in compensation for the claim of the plaintiff;
    (e)    The nature of and basis for the claim; and
    (f)    The current status of the claim (i.e., pending, approved, deferred, rejected, etc.).

ANSWER: Objection.  The term "exposure" is vague and ambiguous without a list of the products, job sites and relevant facts to which the request is addressed.  The request calls for legal conclusion without providing relevant facts.  The exposure standard for bankruptcy is not equivalent to the exposure standard for civil tort claims.  The factual issues of exposure can only be resolved by a trier of fact who has heard a description of the working conditions, asbestos content of the products, and expert testimony about issues such as industrial hygiene and medical causation.  Subject to objection: See answer to No. 2.

      INTERROGATORY NO. 4.  With regard to any claim for compensation for injury allegedly due to Plaintiff's exposure to asbestos which you have made or filed with any Bankrupt Entity or any 524(g) Trust, identify:

    (a)    The full identity of each entity and/or 524(g) Trust against whom such claim(s) was made;
    (b)    The basis for such claim(s); and

  (c)  The date you or anyone on your behalf made such claim(s).

  ANSWER: Objection.  The term "exposure" is vague and ambiguous without a list of the products, job sites and relevant facts to which the request is addressed.  The request calls for legal conclusion without providing relevant facts.  The exposure standard for bankruptcy is not equivalent to the exposure standard for civil tort claims.  The factual issues of exposure can only be resolved by a trier of fact who has heard a description of the working conditions, asbestos content of the products, and expert testimony about issues such as industrial hygiene and medical causation.  Subject to objection: See response to No. 2.

  INTERROGATORY NO. 5.  Do you contend that the only asbestos-containing products to which Plaintiff was exposed during his life are those products manufactured or sold by the companies or entities that have been sued in this action?

  ANSWER:   Objection.  The term "exposure" is vague and ambiguous without a list of the products, job sites and relevant facts to which the request is addressed.  The request calls for legal conclusion without providing relevant facts.  The exposure standard for bankruptcy is not equivalent to the exposure standard for civil tort claims.  The factual issues of exposure can only be resolved by a trier of fact who has heard a description of the working conditions, asbestos content of the products, and expert testimony about issues such as industrial hygiene and medical causation.  Subject to the objection, plaintiff's counsel states:   Unknown at this time.  See response to No. 2.

  INTERROGATORY NO. 6. Do you contend that you are entitled to compensation from one or more Bankrupt Entity and/or 524(g) Trust as a result of Plaintiff's exposure to asbestos?

  ANSWER: Objection.  The term "exposure" is vague and ambiguous without a list of the products, job sites and relevant facts to which the request is addressed.  The request calls for legal conclusion without providing relevant facts.  The exposure standard for bankruptcy is not equivalent to the exposure standard for civil tort claims.  The factual issues of exposure can only be resolved by a trier of fact who has heard a description of the working conditions, asbestos content of the products, and expert testimony about issues such as industrial hygiene and medical causation. Subject to the objection, plaintiff's counsel states:  Unknown at this time. See response to No. 2.

  INTERROGATORY NO. 7.  Have you, or any agent or attorney on your behalf, deferred, or requested to defer, any claim for compensation with any 524(g) Trust or Bankrupt Entity?

  ANSWER:  Objection.  The term "exposure" is vague and ambiguous without a list of the products, job sites and relevant facts to which the request is addressed.  The request calls for legal conclusion without providing relevant facts.  The exposure standard for bankruptcy is not

equivalent to the exposure standard for civil tort claims. The factual issues of exposure can only be resolved by a trier of fact who has heard a description of the working conditions, asbestos content of the products, and expert testimony about issues such as industrial hygiene and medical causation. Subject to the objection, plaintiff's counsel states: See response to No. 2.

Dated: June 13, 2014

As to statements and objections of counsel,

S/Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607-5308
tel: 312-944-0600
fax: 312-944-1870
email: bmccoy@cvlo.com

REQUESTS FOR PRODUCTION

REQUEST NO. 1.     Produce true and correct copies of all documents, records or claim forms submitted to any Bankrupt Entity and/or 524(g) Trust to make or support a claim for compensation for any alleged injury related to Plaintiff's asbestos exposure, including all records, claim forms and documents submitted with or in support of each claim, including without limitation medical reports, affidavits, transcripts and interrogatory responses or similar documents.

RESPONSE (WITH BATES NOS.): None are known to plaintiff's counsel at this time.

REQUEST NO. 2.     Produce any and all correspondence to any Bankrupt Entity and/or 524(g) Trust sent from, or on behalf of, you or Milton Boyer.

RESPONSE (WITH BATES NOS.): None are known to plaintiff's counsel at this time.

REQUEST NO. 3.     Produce any document, record, form, affidavit, certification, or application signed by Plaintiff which has been deferred, or not yet submitted to a 524(g) Trust or Bankrupt Entity.

RESPONSE (WITH BATES NOS.): Objection.  The request calls for work product protected by the attorney work product doctrine.  Subject to the objection:   None are known to plaintiff's counsel at this time.

REQUEST NO. 4. Produce any additional documents consulted or referred to by you in answering the foregoing interrogatories.

RESPONSE (WITH BATES NOS.): See response to interrogatory No. 2.

Dated: June 13, 2014

S/Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607-5308
tel: 312-944-0600
fax: 312-944-1870
email: bmccoy@cvlo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Milton Boyer and Kathy Boyer, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:14-cv-00286-wmc |
| | ) |
| Weyerhaeuser Company, et al., | ) |
| | ) |
| Defendants | ) |

CERTIFICATE OF SERVICE

    The undersigned attorney certifies on June 11, 2014, that Defendant Owens-Illinois, Inc.'s First Set of Bankruptcy Trust Interrogatories and Requests for Production to Plaintiffs was served by electronic mail to counsel for Owens-Illinois, Inc.

S/Robert G. McCoy
Cascino Vaughan Law Offices, Ltd.
220 S. Ashland Avenue
Chicago, Illinois 60607-5308
tel: 312-944-0600
fax: 312-944-1870
email: bmccoy@cvlo.com

# Watson, Brian O.

| | |
|---|---|
| **From:** | Samuel W. Ertel <swertel@cvlo.com> |
| **Sent:** | Friday, June 13, 2014 6:29 PM |
| **To:** | Fischer, Matthew; Casmere, Edward M.; Watson, Brian O.; William P. Croke; Edward McCambridge; vzavala@SMSM.com; Emily Zapotocny; vzavala@SMSM.com |
| **Cc:** | Blake Edwards |
| **Subject:** | Boyer v. 3m et al. - Plaintiff's Responses to OI Discovery Requests |
| **Attachments:** | OI BK Rog_6-13-14.pdf; OI_IRROGS_RTA_RFP_6-13-14.pdf |

Dear Counsel:

I attach plaintiff's responses to Owens-Illinois' most recent discovery requests in this matter.

Best,

Samuel Ertel
Legal Assistant
Cascino Vaughan Law Offices, ltd.
220 South Ashland Avenue
Chicago, IL 60607

swertel@cvlo.com
(312) 944-0600 ext 6789

Confidential & Privileged
Unless otherwise indicated or obvious from its nature, the information contained in this communication is attorney-client privileged and/or confidential information/work product. This communication is intended for the use of the individual or entity named above.  If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error or are not sure whether it is privileged, please immediately notify us by return e-mail and destroy any copies--electronic, paper or otherwise--which you may have of this communication.