IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Milton Boyer and Kathy Boyer, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Weyerhaeuser Company, et al., ) <br> ) <br> Defendants. ) | Case No. 3:14-cv-00286-wmc |

**OWENS-ILLINOIS, INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR RELIEF UNDER WISCONSIN STATUTE § 802.025**

Owens-Illinois, Inc. ("Owens-Illinois") submits this Reply in Support of Its Motion for Relief under Wisconsin Statute § 802.025 (ECF No. 52).

## INTRODUCTION

This case is about tort liability under Wisconsin law for Milton Boyer's asbestos-related injuries. Asbestos trust information is critical both to prove the cause of Mr. Boyer's injuries and to ensure that Plaintiffs do not receive double-recoveries to the detriment of Owens-Illinois. Under Wisconsin Statute § 802.025, Owens-Illinois therefore requests an order (1) compelling a sworn statement identifying each claim that Plaintiffs have filed or reasonably anticipate filing against asbestos trusts; (2) requiring Plaintiffs to file claims against at least the Owens Corning Fibreboard Asbestos Personal Injury Trust, the Manville Personal Injury Settlement Trust, and the G-I Holdings Inc. Asbestos Personal Injury Settlement Trust; and (3) staying this action until Plaintiffs swear that they have filed the claims.

In response, Plaintiffs do not contest that Mr. Boyer was exposed to asbestos-

containing products for which those asbestos trusts will pay damages. Nor do Plaintiffs contest that those asbestos trusts should, and likely will, compensate the Plaintiffs for the same injuries that form the basis for their allegations against Owens-Illinois. Indeed, Plaintiffs admit that the purpose of Wisconsin Statute § 802.025 was "'to ensure transparency in the lawsuit process and stop trial lawyers from double-dipping.'" Pls.' Resp. 8 (citation omitted). Plaintiffs offer no explanation why Owens-Illinois should be deprived of evidence that Mr. Boyer was exposed to asbestos-containing products that caused his injuries or the setoffs that will be recovered from asbestos trusts. None of Plaintiffs' arguments, which are addressed in turn, prevents the relief request under Wisconsin Statute § 802.025.

## ARGUMENT

### I. Wisconsin Statute § 802.025 Applies to this Case.

Plaintiffs' brief never addresses the controlling rule from *Gacek v. American Airlines, Inc.*, 614 F.3d 298, 301 (7th Cir. 2010), and *S.A. Healy Co. v. Milwaukee Metro. Sewerage Dist.*, 60 F.3d 305, 310 (7th Cir. 1995). *See also* Mot. 12-13 (citing and discussing *Gacek* and *S.A. Healy*). Indeed, despite the repeated claim by Plaintiffs, a state's characterization of one of its rules as procedural does not control a federal court's disposition of the *Erie* issue. *See* Pls.' Resp. 2 n.1, 8.

As the Seventh Circuit noted in *S.A. Healy*, "where the state procedural rule, though undeniably 'procedural' in the ordinary sense of the term, is limited to a particular substantive area, such as contract law or tort law," it poses a "pretty easy case[]" under *Erie* and its progeny, "[f]or then the state's intention to influence

substantive outcomes is manifest and would be defeated by allowing parties to shift their litigation into federal court unless the state's rule was applied there as well." 60 F.3d at 310.  In *Gacek*, the Seventh Circuit repeated and reaffirmed this rule.  614 F.3d at 302 (citing *S.A. Healy*, 60 F.3d at 310, "and cases cited there").  Therefore, district courts in the Seventh Circuit have routinely held that a state procedural rule will apply to a federal court sitting in diversity jurisdiction.[1]

Following *Gacek* and *S.A. Healy*, Wisconsin Statute § 802.025 should apply here. The statute is limited to a particular substantive area "that is related to bodily injury or another harm . . . and that is allegedly caused by or related to the claimant's exposure to asbestos."  Wis. Stat. § 802.025(b).  The Wisconsin legislature also was motivated, as Plaintiffs admit, by a desire to influence conduct outside the litigation process in order "to ensure transparency in the lawsuit process and stop trial lawyers from double-dipping."  Pls.' Resp. 8 (citation omitted).  Accordingly, Wisconsin Statute § 802.025 applies to this asbestos-related tort case under the *Erie* doctrine to influence the substantive outcome and prevent federal forum shopping.  *See Gacek*, 614 F.3d at 302; *S.A. Healy*, 60 F.3d at 310.

## II.     No Claim of Privilege Applies to the Records.

Contrary to Plaintiffs' arguments, asbestos trust records are not privileged or protected from discovery.  *See* Pls.' Resp. 4, 6, 7, 13.  Federal Rule of Evidence 501

---

[1] *E.g.*, *Williams v. Erickson*, --- F. Supp. 2d ----, 2013 WL 5548837, at *2 (N.D. Ill. Oct. 8, 2013); *Ratajczak v. Beazley Solutions Ltd.*, No. 13-C-045, 2013 WL 2147543, at *3 (E.D. Wis. May 15, 2013) (same); *Trudeau v. ConsumerAffairs.com, Inc.*, No. 10 C 7193, 2011 WL 3898041, at *5 (N.D. Ill. Sept. 6, 2011) (same).

governs the choice of law regarding privileges, and it provides that "in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 501. This is a federal diversity action, based on Wisconsin tort claims and defenses, and Wisconsin law will supply the rule of decision. Therefore, Wisconsin privilege law applies.

Wisconsin Statute § 802.025(3) is absolutely clear on privilege:

> (a) Trust claims materials and trust governance documents are admissible in evidence. No claims of privilege apply to trust claims materials or trust governance documents.
>
> (b) A defendant in a personal injury claim may seek discovery against an asbestos trust identified under sub. (2) or (4). The plaintiff may not claim privilege or confidentiality to bar discovery, and the plaintiff shall provide consents or other expression of permission that may be required by the asbestos trust to release information and materials sought by the defendant.

Wis. Stat. § 802.025(3).

Moreover, the work product doctrine does not conflict with Wisconsin Statute § 802.025, and could not shield asbestos trust records from discovery. To be work product, a document must be "prepared in anticipation of litigation." Fed. R. Civ. P 26(b)(3). Asbestos trust records are not prepared for litigation by definition; they are prepared for an extrajudicial claims process. *See Sweredoski v. Alfa Laval, Inc.*, No. PC-2011-1544, 2014 WL 466019, at *2 (R.I. Super. Jan. 30, 2014) (conducting an *in camera* review, and finding asbestos trust records "cannot qualify as factual work product because the statements made by [plaintiff] in the claim forms were not prepared in anticipation of litigation"). Nor do the records contain legal advice or strategy, and,

even if the work product doctrine applied, the protection would be waived upon submission to the asbestos trusts.

Furthermore, asbestos trust records are not precluded from discovery as settlement offers or negotiations under Federal Rule of Evidence 408. Pls.' Resp. 4, 7. There is no settlement privilege in federal court that shields settlement materials, negotiations, or documents. *In re Gen. Motors Corp. Engine Interchange Litig.*, 594 F.2d 1106, 1124 (7th Cir. 1979) (finding trial court's refusal to allow discovery or examination of the negotiations constituted an abuse of discretion, and Federal Rule of Evidence 408 "only governs admissibility"); *Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2012 WL 1831517, at *5 (N.D. Ill. May 18, 2012) (applying *In re General Motors,* and finding "no discovery privilege exists regarding settlement negotiations"). Indeed, *National Union Fire Insurance Company of Pittsburgh, PA v. Porter Hayden Company*, No. CCB-03-3408, 2012 WL 628493, at *4 (D. Md. Feb. 24, 2012), rejected the claim that asbestos trust records could be protected from discovery under any such "settlement privilege," and ordered production of the records.

The information contained in asbestos trust records is factual information about exposure to asbestos-containing products. *See Sweredoski*, 2014 WL 466019, at *2 (conducting an *in camera* review and finding "the claim forms contain only objective facts"); Manville Personal Injury Settlement Trust, Proof of Claim Form, *available at* http://goo.gl/xRjsy2 (last visited July 31, 2014). To hold otherwise would lead to the absurd result that any filing in a civil case that provides factual information—such as a complaint—constitutes settlement communications. In fact, as courts have repeatedly

held, asbestos trust records are "more analogous" to complaints than to offers or settlement or compromise. *E.g.*, *Volkswagen of Am., Inc. v. Superior Court*, 139 Cal. App. 4th 1481, 1494 (Cal. App. Ct. 2006) ("claim form is more likely to be analogous to a complaint than to a settlement demand"); *Shepherd v. Pneumo-Abex, LLC*, No. 09-91428, 2010 WL 3431633, at *2 (E.D. Pa. Aug. 30, 2010) (Hey, M.J.) (same). The Trust Distribution Procedures were already decided in bankruptcy court with both present and future asbestos plaintiffs (as well as the bankrupt entities' co-defendants). As Plaintiffs state in their brief, a claimant merely submits the claim form and either falls or does not fall into the class of claimants for whom the trust was created. Pls.' Resp. 11-12. The payment of an asbestos trust claim is already determined by "set" matrix values, *id.*, so there is no negotiation within the bounds of Federal Rule of Evidence 408.

Here, as factual party-admissions, asbestos trust records will show the lack of causation as to Owens-Illinois because Roddis and Weyerhaeuser only purchased asbestos-containing core materials from Johns-Manville, Ruberoid Company, and Owens Corning Fiberglas. Mot. 6-12. There is no evidence showing that Roddis and Weyerhaeuser ever purchased any other asbestos-containing core materials — which is exculpatory for Owens-Illinois. *Id.* Additionally, this information is essential to allocate fault and apportion damage. *See* Pls.' Resp. 8-9 (discussing Wis. Stat. § 802.025 (setoffs); Wis. Stat. § 895.045 (apportionment); *Pierringer v. Hoger*, 21 Wis. 2d 182, 124 N.W.2d 106

(Wis. 1963)); [2] *see also Connar v. West Shore Equip. of Milwaukee, Inc.*, 68 Wis. 2d 42, 44-45, 227 N.W.2d 660 (1975) (apportionment includes all whose negligence may have contributed). Owens-Illinois is entitled under Wisconsin law to offer evidence about every responsible entity and evidence about its potential responsibility — and not merely the evidence hand-picked by Plaintiffs and their attorneys. As both Wisconsin Statute § 802.025(3) and courts have made clear, there is no claim of privilege or confidentiality that applies to asbestos trust records.

### III.     Plaintiffs Ignore the Overwhelming Weight of Authority.

Beyond Wisconsin law, the overwhelming weight of authority in other jurisdictions has held that asbestos trust records are not privilege or protected from discovery. *E.g.*, *Sweredoski*, 2014 WL 466019, at *2-3; *In re New York City Asbestos Litig.*, 966 N.Y.S.2d 347 (N.Y. Sup. Ct. 2012); *Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 2012 WL 628493, at *3-5; *Shepherd*, 2010 WL 3431633, at *2; *Volkswagen of Am., Inc.*, 139 Cal. App. 4th at 1494. Oklahoma and Ohio have also enacted statutes, as in Wisconsin, that require plaintiffs to disclose all asbestos trust records and allow defendants to file a stay in the proceedings to force plaintiffs to file asbestos trust claims. Ohio Rev. Code § 2307.951-2307.954; Okla. Stat. Tit. 76, §§ 81-89. Moreover, many jurisdictions—including courts in Delaware, Ohio, Massachusetts, Kentucky, Pennsylvania, Michigan, New York, Texas, and West Virginia—have adopted case management orders requiring

---

[2] Plaintiffs also argue that "setoffs are available in federal court under federal procedure." Pls.' Resp. 8. Plaintiffs have cited no authority, and we can find none, supporting that assertion.

plaintiffs to produce asbestos trust documents.[3]  For example, West Virginia's case management order requires the plaintiffs to provide a statement identifying all trust claims that exist or may exist with an affidavit "that the statement is based upon a good faith investigation of all potential claims against asbestos trusts."  *Id.*

Earlier this year, the federal court overseeing an asbestos-related bankruptcy found that the tort system has been "infected by the manipulation of exposure evidence by plaintiffs and their lawyers."  *In re Garlock Sealing Techs., LLC*, 504 B.R. 71, 82 (Bankr. W.D.N.C. 2014).  "It was a regular practice by many plaintiffs' firms to delay filing Trust claims for their clients so that remaining tort system defendants would not have that information."  *Id.* at 84.  And those efforts to manipulate the tort system continue to mount.  *See generally* Shelley *et al.*, *Need For Further Transparency Between The Tort System and Section 524(G) Asbestos Trusts, 2014 Update-Judicial and Legislative Developments and*

---

[3] *See generally* Shelley *et al.*, *Need For Further Transparency Between The Tort System and Section 524(G) Asbestos Trusts, 2014 Update-Judicial and Legislative Developments and Other Changes In The Landscape Since 2008*, 23 WIDENER L. J. 675, 705 (2014) (citing Amended Case Management Order, *In re Asbestos Pers. Injury Litig.*, No. 03-C-9600 (W. Va. Cir. Ct. Kanawha Cnty. Mar. 3, 2010); Standing Order No. 1–Amended Oct. 10, 2013, *In re Asbestos Litig.*, No. 77C-ASB-2, ¶ 7(k) (Del. Super. Ct. Newcastle Cnty. Oct. 10, 2013); Amendment to Case Management Order, *In re All Asbestos Cases*, No. CV-073958, ¶¶ 18, 20(f) (Ohio Ct. C.P. Cuyahoga Cnty. May 8, 2007); Third Amended Case Management Order, *In re Asbestos Litig.*, MDL No. 2004-03964, § VII (Tex. Dist. Ct. Harris Cnty. Apr. 5, 2007); Amended Pre-Trial Order No. 9, *In re Mass. State Court Asbestos Litig.* (effective June 27, 2012); March 6, 2006 Master Order, *In re Asbestos Pers. Injury Litig.* (Ky. Cir. Ct. Jefferson Cnty. Mar. 6, 2006); Amended Case Management Order at § XV.E.l, *In re N.Y. City Asbestos Litig.*, No. 40000/88 (N.Y Sup. Ct. N.Y. Cnty. May 26, 2011); Master Case Management Order For Asbestos-Related Personal Injury Claims at § III, *In re Asbestos Litig.*, No. 0001 (Pa. Ct. C.P. Phila. Cnty. Dec. 1, 2010); Order No. 16 (Case Management Order) Requiring Service of Bankruptcy Claims Forms in Malignancy and Nonmalignancy Cases, *In re All Asbestos Pers. Injury Cases*, No. 03-310422-NP (Mich. Cir. Ct. Wayne Cnty. Mar. 27, 2009)).

*Other Changes in the Landscape Since 2008*, 23 WIDENER L. J. 675, 681-93 (2014), available at http://goo.gl/CD5Tnh (last visited July 31, 2014).  They include court findings in Maryland of "substantial and inexplicable discrepancies between the positions" taken in court and before the trusts, *id.* at 687, in New Jersey that counsel could not be "blind, deaf and dumb," *id.* at 690, and in Delaware of counsel "trying to defraud" and "an example of the games that are being played," *id.* at 691.

Even giving the benefit of doubt here to Plaintiffs and their attorneys (who for some reason have not filled out the simple online claim forms that are usually completed by a paralegal), the fact remains that any judgment without complete disclosures and without setoffs for the asbestos trust claims will amount to an unfairly inflated payment by the trial defendant and double-recoveries for the Plaintiffs.  That is particularly so where the bankrupt entities include the most culpable manufacturers, such as Johns-Manville, Ruberoid Company, and Owens Corning Fiberglas, which sold the asbestos-containing core materials to Roddis and Weyerhaeuser.  *See* Mot. 6-12; *see also Garlock*, 504 B.R. at 83, 90 (noting "Manville was the primary defendant in virtually every asbestos tort complaint," and "Owens Corning was a high-profile asbestos defendant").  Owens-Illinois should not be forced to shoulder their responsibility and tort liability in this federal court.  To do so here would contradict Wisconsin law and run directly contrary to a growing line of cases from around the country.

### IV.  This Court Need Not Consider Plaintiffs' Constitutional Challenges.

In a final attempt to avoid complying with Wisconsin Statute § 802.025, Plaintiffs argue that Wisconsin Statute § 802.025 violates the Wisconsin State Constitution.  Pls.'

Resp. 14.  Contrary to Plaintiffs' argument, however, Wisconsin laws passed in accordance with established law-making procedures are presumed constitutional.[4] *In re Bloomer's Estate*, 2 Wis. 2d 623, 631, 87 N.W.2d 531, 536 (Wis. 1958) ("A statute is presumed to be constitutional."); *State ex rel. Fieldhack v. Gregorski*, 272 Wis. 570, 573, 76 N.W.2d 382, 384 (Wis. 1956).  Federal courts have expressed a clear desire to leave the question of whether a state statute violates the state constitution to the courts of that state.  *See., e.g.*, *Blue Cross & Blue Shield of Alabama, Inc. v. Nielsen*, 116 F.3d 1406, 1413 (11th Cir. 1997) ("[A] federal court should not purport to hold that a state statute violates the state constitution, except as an unavoidable matter of last resort."); *Glenn v. Field Packing Co.*, 290 U.S. 177, 178 (1933) ("[S]o far as the application of the state Constitution is concerned, the ultimate determination of the validity of the statute necessarily rests with [the state supreme] court.").

Given the presumption of constitutionality that Wisconsin Statute § 802.025 enjoys under Wisconsin law and the policy against federal courts deciding issues of state constitutionality, this Court should decline to consider the Plaintiffs' constitutional challenges.  In fact, Plaintiffs have not bothered to comply with Federal Rule of Civil Procedure 5.1 for drawing into question the constitutionality of Wisconsin Statute § 802.025.

---

[4] Plaintiffs do not contend that Wisconsin Statute § 802.025 was not passed in accordance with the process defined under Wisconsin law for the passage of legislation.

## CONCLUSION

For these reasons, Owens-Illinois, Inc.'s Motion for Relief under Wisconsin Statute § 802.025 (ECF No. 52) should be granted.

Dated: July 31, 2014					Respectfully submitted,


							By:	/s/Brian O. Watson
								Edward Casmere
								Brian O. Watson
								Schiff Hardin LLP
								233 S. Wacker Dr. Suite 6600
								Chicago, Illinois  60606
								(312) 258-5500
								(312) 258-5600 (facsimile)

								*Attorneys for Defendant*
								*Owens-Illinois, Inc.*

**CERTIFICATE OF SERVICE**

    I certify that on July 31, 2014, these papers were filed with the Clerk of the Court for the United States District Court for the Western District of Wisconsin using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

                                                /s/ Brian O. Watson
                                                Brian O. Watson