IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| Milton Boyer and Kathy Boyer,<br><br>    Plaintiffs,<br><br>v.<br><br>Weyerhaeuser Co., et al.,<br><br>    Defendants. | Case No. 3:14-cv-00286-wmc |

**MOTION AND MEMORANDUM OF LAW TO RECONSIDER DISMISSAL OF OWENS ILLINOIS**

  Plaintiffs Milton and Kathy Boyer move this Court to reconsider its order dismissing plaintiff's case against Owens Illinois with prejudice.

**Legal Standard**

  A motion to reconsider may be granted to "correct manifest errors of law or fact." *Publishers Resource, Inc. v. Walker-Davis Publications* 762 F.2d 557, 561 (7th Cir. 1985).[1] The court made a manifest error of law in dismissing Owens-Illinois with prejudice without addressing or taking into account plaintiff's pre-1959 childhood exposures to Owens Illinois asbestos.

  The Court found that plaintiff could not have been exposed to Owens Illinois Kaylo because plaintiff did not work at Weyerhaeuser prior to 1959 when Owens Illinois made Kaylo

---

[1] The court in *Publishers Resource* discussed the standard for motions to reconsider without citing to any Federal Rule of Civil Procedure. To the extend citing a rule is necessary, plaintiff cites to Fed. R. Civ. Proc. 59 (e).

1

(Exhibit A at page 9). Plaintiff, however, does not contend or attempt to allege work exposures as the basis for his claim against Owens Illinois. Instead, plaintiff alleges that he inhaled Kaylo asbestos fibers in the 1950s as a young child from his parents' work at the plant (Exhibit B at paragraphs 74-76). Paragraph 76 of Plaintiff's Second Amended Complaint states:

> **Plaintiff was exposed to Kaylo dust in the 1950s when his parents brought it home on their clothes and in their family car.** (Exhibit B at paragraph 76).

Plaintiff's allegations included the following types of exposure:

> O-I designed, manufactured, and sold Kaylo core to Roddis during the late 1940s into the late 1950s. (Exhibit B at paragraph 74).

This Court dismissed Owens Illinois with prejudice, stating that plaintiff did not work at Weyerhaeuser until the 1970s, long after Owens Illinois made Kaylo (Exhibit A at page 9).

In analyzing a Motion to Dismiss, the Court must accept all well-pled allegations as true, and view those allegations in the light most favorable to plaintiff, drawing all reasonable inferences in plaintiff's favor. *McMillan v. Collection Professionals, Inc.,* 455 F.3d 754, 758 (7th Cir 2006). The Court erred in applying this standard in light of the existing allegations and inferences to be drawn based on the evidence that could be developed to support the alleged facts.

Plaintiff incorporates all other arguments made in the prior motion and memorandum to reconsider the dismissal of Owens Illinois (Exhibit C). There are numerous statements in the Second Amended Complaint that allege household and/or community exposures causing mesothelioma.

Household exposures have been recognized as causes of mesothelioma in the medical and

scientific literature. (Exhibit B at paragraphs 45-46). It was foreseeable in the 1950s that household exposures caused mesothelioma:

> The US Department of Labor issued safety and health standards in 1951 that included the requirement that, "Workers who handle or are exposed to harmful materials in such a manner that contact of work clothes with street clothes will communicate to the latter the harmful substances accumulated during working hours should be provided with facilities which will prevent this contact and also permit the free ventilation or drying of the work clothes while they are not in use." (*Safety and Health Standards,* United States Department of Labor, paragraph H 3 (b), 1951, p23).

The Supreme Court in *Tragarz v. Keene Corp.* has ruled that de minimus exposures are sufficient in asbestos cases. *(Tragarz v. Keene Corp.,* 980 F.2d 411, 421 (7th Cir. 1992), citing *Wehmeier v. UNR Indus., Inc.*, 213 Ill. App. 3d 6 (4th Dist. 1991)).

## **Conclusion**

WHEREFORE, Plaintiff prays this Honorable Court reinstate Owens Illinois as a defendant in this case.


Dated: November 18, 2014

s/ Michael P. Cascino
Attorney for Plaintiff

Michael P. Cascino
Robert G. McCoy
James N. Hoey
Cascino Vaughan Law Offices, Ltd.
220 South Ashland Avenue
Chicago, Illinois 60607
(312) 944-0600
(312) 944-1870 (fax)
ecf.cvlo@gmail.com