UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

This document relates to:

| | |
|---|---|
| Boyer v. Weyerhaeuser Company, et al. | CASE NO. 14-cv-286 |
| Masephol v. Weyerhaeuser Company, et al. | CASE NO. 14-cv-186 |
| Pecher v. Weyerhaeuser Company, et al. | CASE NO. 14-cv-147 |
| Prust v. Weyerhaeuser Company, et al. | CASE NO. 14-cv-143 |
| Seehafer v. Weyerhaeuser Company, et al. | CASE NO. 14-cv-161 |
| Sydow v. Weyerhaeuser Company, et al. | CASE NO. 14-cv-219 |

ORDER ESTABLISHING A RECORDS COLLECTION PROTOCOL AND
PROCEDURES RELATING TO THE AUTHORIZATION FOR RELEASE OF
MEDICAL, HEALTHCARE, PHARMACY, BANKRUPTCY TRUSTS AND OTHER
RECORDS

AND NOW, this the 20TH day of MARCH, 2014, after conferring with the parties as to the protocol for records collection, we have determined that in furtherance of the efficiency and economy of this litigation it is in the interest of all parties to proceed with records collection as outlined below.

Also before the Court upon the joint application of the parties is a request for an Order aiding in the collection and distribution of records, including medical records, bankruptcy trusts records and employment records. After consideration of this joint request and finding that such an Order would facilitate the orderly, uniform and cost-effective acquisition of relevant information and materials for this litigation, **IT IS ORDERED** as follows:

*1) The basis for this Order.* Plaintiff is required to turn over all medical evidence in Plaintiff's possession, custody, or control. In addition to the medical records, plaintiff is required to submit a Health Insurance Portability and Accountability ("HIPAA")-compliant authorization to the defendants as soon as possible. Some healthcare providers, pharmacies and other entities having custody of these records (including, where applicable, employment, military and Social Security records), however, have refused to release such records unless specific

forms prepared by the particular entity are used. Requiring specific forms prepared by individual entities causes a delay in the exchange of relevant information in this litigation. In order to facilitate the timely exchange of medical and other information, the parties have prepared an Authorization Form that is fully compliant with HIPAA. The Authorization Form is attached as Exhibit A.

It has also been determined by all parties that there is a need to standardize the authorizations for the collection of the bankruptcy trust records. The Authorization Form for the bankruptcy trusts records is attached as Exhibit B.

In addition, attached as Exhibit C is a Social Security Records Release/Authorization Form. The purpose of this Order is to provide for a simple, uniform, and cost-effective process for the collection of records relevant to the case pending before this Court. Time is of the essence in collecting these records. Accordingly, this Order is issued pursuant to the Court's authority to direct and control the coordinated discovery in this litigation pursuant to Fed. R. Civ. P. 16 and Fed. R. Civ. P. 26(b).

**2) *Discovery Affected by this Order.*** This Order applies to the procurement of information and materials from entities including, but not limited to, physicians, healthcare providers, pharmacies, educational facilities, former and present employers, insurance providers, all branches of the military and any other federal, state and/or local government agencies. This Order also applies to the procurement of information and materials from bankruptcy trusts and/or their administrators, and claims processing facilities, or any 3rd party entities authorized or designated by the bankruptcy trusts for claims processing or document retention that have access to bankruptcy trust information relating to plaintiff. The Court anticipates that this will constitute all necessary document production from the trusts but it is without prejudice to any party's right to seek permission to obtain records from the bankruptcy trusts in unexpected circumstances.

**3) *Parties Affected by this Record-Production Protocol.*** This Protocol binds plaintiff and all defendants in this case. The firm of Forman Perry Watkins Krutz & Tardy, LLP ("Forman Perry"), who represents Defendant Weyerhaeuser in this case, shall collect all medical and other records in this case.

**4) *Scope of Record-Production Protocol.*** The protocol shall be in place for all records collection from this date forward. Defendants shall not be charged with collection of additional records, which may be outlined in the definitions section, which were not previously requested from a provider.

**5) *Definitions.*** This protocol shall employ the following definitions:
    *a)* "Medical records" refers to:
        *i)* All records, reports, bills, test results, or other documents concerning the medical care, treatment, and examination of a patient;
        *ii)* All pathology, that is not necessary for care and treatment, original tissue blocks, original tissue slides, wet tissue, records, self-histories, histochemical, and immunochemical reports, autopsy reports including but not limited to handwritten

>  notes and/or drawings associated with the autopsy, test results, other documents, or electronic information concerning the medical care, treatment, and examination of the patient, including photomicrographs, millipore filters, written tissue digestion protocol, or other material related in any way to any lung tissue, asbestos fiber burden analysis or ferruginous body study performed on the tissues of the patient;
>
>  *iii)* Copies of bills or statements of services rendered for such service;
>
>  *iv)* X-ray films, MRI films, CT films, and all other imaging films involving the patient.
>
> *b)* "Social Security Administration records" refers to any information regarding the person's Social Security records, including but not limited to the information requested on Federal Form SSA-7050-F4 ("Request for Social Security Earnings Information")
>
> *c)* "Military records" refers to any and all information regarding the person's US Military records, including but not limited to the information requested on Federal Form SF180 ("Request Pertaining to Military Records")
>
> *d)* "Union records" refers to union information and records including but not limited to:
>
>  *i)* Application for membership;
>
>  *ii)* Yearly income including number of hours/days worked per year;
>
>  *iii)* Names and addresses of any and all employers, locations of work sites including any job and/or work logs;
>
>  *iv)* Any pension related information including documents showing pension contributions by employers;
>
>  *v)* Records of any grievances filed or claims made for work-related injuries;
>
>  *vi)* Records of all claims for health, accident, pension or disability benefits;
>
>  *vii)* All records pertaining to any claim for injuries allegedly during the course of his/her employment;
>
>  *viii)* All medical reports and records, infirmary records, return to work slips, medical excuses, and accident reports; and
>
> *e)* "Authorizations" refers to Exhibit A, B, and C to this Order.
>
> **6) Duty To Accept Court-Approved Authorization To Release Medical Records, Employment Records and Bankruptcy Trust Records and Information.** The Authorization Forms attached to this Order as Exhibits A, B, and C are HIPAA compliant and have been approved for use in all claims affected by this Order. Accordingly:
>
> *a)* All physicians, healthcare providers, pharmacies, pharmacy benefits managers ("PBM"), educational facilities, former and present employers, insurance providers, all branches of the military, any federal, state and/or local government agencies, bankruptcy trusts or any other entity asked to produce records relating to a plaintiff or employee (all referred to as "Entities") shall accept the Authorization Form as valid for all claims affected by this Order;
>
> *b)* Entities may not request or insist upon different forms or terms different from the Authorization Form;
>
> *c)* When signed by a patient or employee and plaintiff in claims affected by this Order, the Authorization Form shall be relied upon by all Entities to authorize the release of all

records, including all medical records;
*d)* No facility-specific or different form shall be necessary for production of any records relating to a current or former patient or employee;
*e)* A photocopy or .pdf image of the Authorization Form shall be accepted;
*f)* No original signatures shall be required on the Authorization Form for production of any records relating to a current or former patient or employees;
*g)* Any Authorization Form dated after January 1, 2014 shall be effective for production of any records relating to a current or former patient or employee and no differently dated Authorization shall be necessary or requested by the Entities;
*h)* Entities may not impose any waiting period for the production of records; and
*i)* Entities may not condition the release of requested records upon the payment of unreasonable "processing" or "handling" fees.

The third party entities in receipt of such release requests shall presume that the Court has reviewed and deems appropriate the provision outlined above. However, this provision does not preclude any affected third party from raising any objection that it feels is appropriate.

**7) *Signature of Plaintiff's Representative.*** In an effort to obtain records for plaintiff in a timely fashion, the Court finds it necessary for the efficient procurement of those records to have specific rules pertaining to the signing of the Authorization Form, attached hereto as Exhibit A, B, and C, by representatives of plaintiff. For the sole and limited purpose of obtaining records associated with a case covered by this Order, plaintiff's counsel may be considered the representative of plaintiff. All Entities are hereby Ordered to accept an Authorization signed by plaintiff's counsel without additional documentation required.

**8) *Authorization for Release of Records.*** Plaintiff's counsel shall serve all counsel of record with a copy of the Court-Ordered Authorization for Release of Bankruptcy Trust Information attached hereto as Exhibit B within a reasonable time period, not to exceed 30 days. The parties may agree to the service of this Authorization on any party who the defendants may designate as their counsel for service of bankruptcy trust discovery and/or authorizations to assist in the procurement of bankruptcy documents, but the use of the information is limited to the defendants in each particular case.

**9) *Records to be Requested.*** Plaintiff has provided or will provide via interrogatory answers a list of Plaintiff's known employers, union membership and military service, including the time period, by year, for each. Plaintiff has provided or will provide via interrogatory answers and answers to requests for production of documents a list of all medical providers and bankruptcy trusts a submission was made to and/or any bankruptcy trust compensation was received for plaintiff.

Bankruptcy trust records will be requested from trusts named on plaintiff's answer to standard interrogatories and requests for production of documents. Defendants may request trust submissions from any other trust the defendants believe possess records for plaintiff. If Forman Perry requests records from a trust not listed in plaintiff's discovery responses, Forman Perry shall immediately notify plaintiff in writing of the identity of the trust and date those records were requested. All records shall be timely produced without reservation.

*10) Requests for Records.* As soon as possible, Forman Perry may begin requesting medical, Social Security Administration, military, employment, and union records for which an authorization is tendered. If Forman Perry requests records from a "secondary source" (i.e. a provider not listed in plaintiff's discovery answers and/or whose identity is learned from receipt of provider records), Forman Perry shall immediately notify plaintiff in writing of the identity of the provider and date those records were ordered. All records shall be timely produced without reservation.

*11) Transmittal of Records.* Forman Perry will provide Plaintiff with portable document format ("PDF") files of all documents it receives in response to requests to medical, Social Security Administration, military, employment, and union records and bankruptcy trusts. These documents will be OCRed (optical character recognition), burned to CD and sent to plaintiff within 5 days of receipt by Forman Perry. CDs will be sent via FedEx standard overnight delivery using the FedEx account number provided by Plaintiff to:

Robert Niewiarowski
Docket Manager
Cascino Vaughan Law Offices
220 South Ashland Avenue
Chicago, Illinois 60607

Plaintiff shall be responsible for immediate payment of costs incurred for compilation of the CDs which are provided.

*12) Pathology, X-rays, and all other original health records material.* Forman Perry shall notify plaintiff within 7 days of receiving any pathology materials and/or imaging films. Forman Perry will notify all relevant defendants of the receipt of all pathology and original x-ray films on a weekly basis. Plaintiff has the right to request any pathology materials and/or imaging films obtained by defendant. Defendants will provide these materials via FedEx standard overnight delivery within 7 days of request to plaintiff using the FedEx account number provided by plaintiff. Plaintiff will return all pathology materials and imaging films provided by defendant within 60 days of receipt or no later than 60 days prior to the deadline for defendants to provide expert reports, whichever shall occur first. The date may be extended by the Court.

Likewise, plaintiff will notify all relevant defendants within 7 days of receiving any pathology materials and/or imaging films. After sixty (60) days, in which plaintiff may send the pathology and/or imaging films received to an expert for consultation, Forman Perry has the right to request any pathology materials and/or imaging films obtained by plaintiff. Plaintiff will provide these materials via FedEx standard overnight delivery within 7 days of request. The tracking number of the FedEx package will be provided to Forman Perry the same day the package is sent. Forman Perry will return all pathology materials and imaging films provided by plaintiff within 60 days of receipt, or no later than 60 days prior to the deadline for plaintiff to provide expert reports, whichever shall occur first.
In the event that pathology and/or imaging films are received by either plaintiff or defendant

less than 120 days prior to the deadline for filing defendant expert reports, Forman Perry and/or plaintiff's return of such materials will be shortened by agreement of the parties such that both sides have time to have the material reviewed.

*13) Non-compliance of providers or trusts.* This Order expressly dictates that all entities served with the approved authorization shall accept that authorization as valid and comply with all of its terms. Should any providers or trusts fail to comply with the terms of the authorization, the party seeking those records may notify the Court and file any and all appropriate motions with the Court. The Court will address any alleged noncompliance on the part of a trust in an expedited process.

*14) Reports and Attorney Communication.* Allen Vaughan of CVLO and Jennifer Studebaker of Forman Perry are designated as the contact attorneys regarding all records acquisitions issues. Jennifer Studebaker will confer with Allen Vaughan as needed to confirm receipt of bankruptcy documents and discuss any issues that have arisen during the collection of records. Jennifer Studebaker and Allen Vaughan will work together to resolve any problems arising from this Order.

Nothing in this Order shall be construed to affect any subsequent scheduling order deadlines implemented by the Court. Any need for extensions of such deadlines will be considered based on the circumstances of the particular case.

BY THE COURT:

3-20-15

JUDGE STEPHEN L. CROCKER
UNITED STATES MAGISTRATE JUDGE

Exhibit A

## Authorization Form For Use and Disclosure of Records, Including Protected Health Information (Medical Records) Pursuant to HIPAA

To:

Re: Patient's Name:_____ Date of Birth:_____

Patient's Address:_____

Social Security No.:_____

I.   RECORDS/INFORMATION TO BE DISCLOSED: This authorization applies to any and all of the records or documents in your control or possession, whether or not created by you, including but not limited to the types of records listed below and including but not limited to all electronically generated or stored records:

1) All records, reports, test results of other documents concerning the medical care, treatment, and examination of the aforementioned patient;

2) All pathology, that is not necessary for care and treatment, original tissue blocks, original tissue slides, wet tissue, records, self-histories, histochemical and immunochemical reports, autopsy reports, including but not limited to hand-written notes and/or drawings associated with the autopsy, test results, other documents, or electronic information concerning the medical care, treatment, and examination of the aforementioned person, including any photomicrographs, Millipore filters, written tissue digestion protocol or other material related in any way to any lung tissue asbestos fiber burden analysis or ferruginous body study performed on the tissues of the aforementioned patient;

3) Copies of all correspondence concerning the medical care, treatment, examination, or physical condition of the aforementioned patient:

4) Copies of bills or statements of services rendered for such service:

5) X-ray films, MRI films, CT films and all other imaging films involving the aforementioned patient;

6) Any and all information regarding the patient's Social Security records, including but not limited to the information requested on Federal Form SSA-7050-F4 ("Request For Social Security Earnings Information");

7) Any and all information regarding the patient's U.S. Military records, including but not limited to the information requested on Federal Form SF180 ("Request Pertaining To Military Records");

8) Union information and records, including but not limited to:
    1. Application for membership;
    2. Yearly income including number of hours/days worked per year;
    3. Names and addresses of any and all employers, locations of work sites including any job and/or work logs;

4. All pension related information including documents showing pension contributions by employers;
5. Documentation of any training participation and information regarding training materials or trade literature received;
6. Records of any grievances filed or claimed made for work-related injuries;
7. Records of all claims for health, accident, pension or disability benefits;
8. All records pertaining to any claim for injuries allegedly during the course of his employment;
9. All medical reports and records, infirmary records, return to work slips, medical excuses and accident reports; and
10. Records pertaining in any manner to any health screening or educational sessions in which the aforementioned person participated

II. PERSONS, FACILITY, ORGANIZATION, OR CLASS OF PERSONS AUTHORIZED TO DISCLOSE RECORDS/INFORMATION: The following persons or organizations are authorized to make the requested use or disclosure of my above-identified protected health information: See the attached court order, signed by Federal Magistrate Stephen L. Crocker.

III. PERSONS, FACILITY, ORGANIZATION AUTHORIZED TO RECEIVE THE RECORDS/INFORMATION: The following persons or organizations are authorized to receive my above-identified protected health information: Cascino Vaughan Law Office, Ltd.; Forman Perry Watkins Krutz and Tardy, LLP, as representative for all defense firms who have appeared in the civil action identified below.

PURPOSE FOR AUTHORIZATION - This authorized use or disclosure is for the following specific purpose(s): at the request of the individual patient/or patient's representative for use in civil litigation in a civil action concerning asbestos exposures brought on behalf of the plaintiff and currently pending in the U.S. District Court for the Western District of Wisconsin.

EXPIRATION OF AUTHORIZATION: This authorization will expire upon the following event: Final resolution of the above-identified civil action.

IV. AUTHORIZING SIGNATURE OF PATIENT OR PATIENT'S REPRESENTATIVE:

I authorize the use or disclosure of the records/information described below and:

A. I am not required to sign this authorization and may in fact refuse to sign this authorization.
B. I understand that the authorized health care provider will not condition my treatment or payment for my treatment on my signing this authorization.
C. I understand that if the person or entity that receives the described records/information is not subject to federal privacy regulations or other laws. The records/information may be re-disclosed and no longer protected by those

      regulations.

D.    I also understand that certain records may be protected by federal or state law, including HIV, psychiatric or mental health treatment, alcohol/drug treatment or communicable diseases, and I am requesting that any and all such protected records be released under this authorization.

E.    I know that I may inspect or copy the protected health information sought to be used or disclosed in this authorization as permitted by the federal privacy regulations.

F.    I know that I have the right to revoke this authorization at any time. My revocation must be in writing and must bear my signature. My revocation must be submitted to the authorized health care provider disclosed above.

G.    I understand that if I do revoke this authorization, however, my revocation will not affect any prior actions taken in reliance on this authorization.

H.    I have discussed this authorization with my attorney and he has advised me of my rights pursuant to HIPAA.

I.    This authorization does not waive my doctor/patient privilege.

Copies of the above-referenced materials should be numbered. A photostatic copy of this authorization shall be considered as effective and valid as the original. THIS AUTHORIZATION DOES NOT AUTHORIZE DISCUSSION OF THE MEDICAL CARE AND/OR CONDITION OF THE ABOVE PARTY. This Authorization is for securing copies of any and all requested medical records, X-Rays films, CT films, MRI films, bills, pathology, and office notes; any and all Social Security records, any and all U.S. Military records, and any and all Union records as described herein. This does not authorize the securing of a narrative medical report, nor does it authorize the bearer to conduct *ex parte* interviews with any medical personnel regarding the treatments and conditions.

I certify that I have read, signed, and received a copy of this authorization.

_____        _____
Signature of Patient (or Patient's Representative)        Date of Signature


_____
Patient Representative's Relationship/Capacity to Patient


_____
Printed Name of Personal Representative


_____
Address and Telephone Number of Personal Representative

**Exhibit B**
**Authorization Form For Use and Disclosure of Plaintiff Bankruptcy Information**

To:

Re: Plaintiff's Name:_____
                      Last           First              MI

Date of Birth:____/____/____        Social Security No.: ____-____-_____

Plaintiff's Address:_____

I.  RECORDS/INFORMATION TO BE DISCLOSED: This authorization applies to any and all records or documents in your control or possession, whether or not created by you, including but not limited to, the types of records listed below and including, but not limited to, all electronically generated or stored records as well as all hard copies of records or documents. *(All documents and information shall be provided in their entirety).*

   a.  All claims made by the plaintiff or on behalf of the plaintiff by any party, including claims which are paid and/or denied;
   b.  All plaintiff claims information including claim forms, employment records, product identification information, exposure information and affidavits;
   c.  Any and all documents or information provided to the trust in support of or in relation to plaintiff;
   d.  All records, reports, test results of other documents concerning the medical care, treatment, and examination of the aforementioned plaintiff;
   e.  All correspondence including electronic communication and/or any other documents exchanged between you and the plaintiff and/or any other party concerning the claims made by the plaintiff or evaluation of the plaintiff's claim;
   f.  All checks or statements of payments made to the plaintiff or his/her representative including any subsequent payments;
   g.  All information related to studies or research done by the trust or its managers to evaluate bankruptcy claim procedures, payments and valuation;
   h.  All information related to the bankruptcy trust procedure for receipt and acceptance of claims, including the documentation related to receipt of plaintiff's claim; and
   i.  All information related to the bankruptcy trusts procedure for submission, evaluation, analysis and payment of claims.

II.  PERSONS, FACILITY, ORGANIZATION, OR CLASS OF PERSONS AUTHORIZED TO DISCLOSE RECORDS/INFORMATION: The following persons or organizations are authorized to make the requested use or disclosure of my above-identified protected personal and health information. See the attached court order, signed by Federal Magistrate Stephen L. Crocker.

III.     PERSONS, FACILITY, ORGANIZATION AUTHORIZED TO RECEIVE THE RECORDS/INFORMATION: The following persons or organizations are authorized to receive my above-identified protected health information: Cascino Vaughan Law Offices, Ltd.; Forman Perry Watkins Krutz and Tardy, LLP, as representative for numerous defense firms as well as any other defense firm who represents a pending party in this litigation as reflected on the court docketing system (PACER).

IV.      PURPOSE FOR AUTHORIZATION: This authorized use or disclosure is for the following specific currently pending in the U.S. District Court for the Western District of Wisconsin.

V.       EXPIRATION OF AUTHORIZATION: This authorization will expire six months after the date of signature.

VI.      AUTHORIZING SIGNATURE OF PLAINTIFF OR PLAINTIFF'S REPRESENTATIVE: I authorize the use or disclosure of the records/information described below and:

   a.  I am not required to sign this authorization and may in fact refuse to sign this authorization.
   b.  I understand that the authorized entity will not condition my claim or any payment made thereon based on my signing this authorization.
   c.  I understand that if the person or entity that receives the described records/information is not subject to federal privacy regulations or other laws then the records/information may be redisclosed and are no longer protected by those regulations.
   d.  I know that I may inspect or copy the information sought to be used or disclosed in this authorization as permitted by the Federal privacy regulations.
   e.  I know that I have the right to revoke this authorization at any time. My revocation must be in writing and must bear my signature. My revocation must be submitted to the authorized entity named above.
   f.  I understand that if I do revoke this authorization, however, my revocation will A photostatic and/or PDF copy of this authorization shall be considered as effective and valid as the original.

I certify that I have read, signed and received a copy of this authorization.

_____          _____
Signature of Plaintiff or Plaintiff Representative          Date of Signature


_____
Printed Name of Plaintiff or Plaintiff Representative


EXHIBIT C

## REQUEST FOR SOCIAL SECURITY EARNINGS INFORMATION

1. Provide your name as it appears on your most recent Social Security card or the name of the individual whose earnings you are requesting.

First Name:     Middle Initial:

Last Name:

Social Security Number (SSN)     One SSN per request

Date of Birth:     Date of Death:

Other Name(s) Used
(Include Maiden Name)

2. What kind of earnings information do you need? (Choose **ONE** of the following types of earnings or SSA must return this request.)

☐ **Itemized Statement of Earnings $136**     Year(s) Requested: ___ to ___
(Includes the names and addresses of employers)
    Year(s) Requested: ___ to ___
If you check this box, tell us why you need this information below.

☐ Check this box if you want the earnings information CERTIFIED for an additional $56.00 fee.

☐ **Certified Yearly Totals of Earnings $56**     Year(s) Requested: ___ to ___
(Does not include the names and addresses of employers)
Yearly earnings totals are FREE to the public if you do not require certification. To obtain FREE yearly totals of earnings, visit our website at www.ssa.gov/myaccount.     Year(s) Requested: ___ to ___

3. If you would like this information **sent to someone else**, please fill in the information below.
I authorize the Social Security Administration to release the earnings information to:

Name

Address     State

City     ZIP Code

4. I am the individual to whom the record pertains (or a person authorized to sign on behalf of that individual). I understand that any false representation to knowingly and willfully obtain information from Social Security records is punishable by a fine of not more than $5,000 or one year in prison.

| Signature AND Printed Name of Individual or Legal Guardian | SSA must receive this form within 120 days from the date signed |
| --- | --- |
| | Date: |

Relationship (if applicable, you must attach proof)     Daytime Phone:

Address     State

City     ZIP Code

Witnesses must sign this form ONLY if the above signature is by marked (X). If signed by mark (X), two witnesses to the signing who know the signee must sign below and provide their full addresses. Please print the signee's name next to the mark (X) on the signature line above.

| 1. Signature of Witness | 2. Signature of Witness |
| --- | --- |
| Address (Number and Street, City, State and ZIP Code) | Address (Number and Street, City, State and ZIP Code) |

Form SSA-7050-F4 (11-2014) EF (11-2014)     Page 2