IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VIRGINIA PRUST, *etc.*                                                14-cv-143-wmc

              Plaintiff,
  v.
WEYERHAEUSER COMPANY, *et al.*,

              Defendants.

---

JANET PECHER, *etc.,*                                                14-cv-147-wmc

              Plaintiff,
  v.
WEYERHAEUSER COMPANY, *et al.*,

              Defendants.

---

ROGER SEEHAFER,                                                       14-cv-161-wmc

              Plaintiff,
  v.
WEYERHAEUSER COMPANY, *et al*.

              Defendants.

---

RICHARD MASEPHOL,                                                     14-cv-186-wmc

              Plaintiff,
  v.
WEYERHAEUSER COMPANY, *et al.*,

              Defendants.

---

WESLEY SYDOW, *et al.*                                                14-cv-219-wmc

              Plaintiffs,
  v.
WEYERHAEUSER COMPANY, *et al.*,

              Defendants.

---

MILTON BOYER, *et al.,*                                               14-cv-286-wmc

              Plaintiffs,
  v.
WEYERHAEUSER COMPANY, *et al.*,

              Defendants.

---

On March 20, 2015, the court held a consolidated telephonic motion hearing in the six cases captioned above. All parties in all cases were represented by counsel. The court ruled on the pending discovery-related motions in the manner and for the reasons stated at the hearing, and provided the court's observations, predictions and directions on how these cases will move forward. This order briefly commemorates where we landed. It does not alter or supersede anything the court said during the hearing.

**Weyerhaeuser's motions to establish a protocol and procedure for records collection**

These are the docket numbers of this motion in each of the six cases that were part of the motion hearing:

   Prust, 14-cv-143:  Dkt. 88
   Pecher, 14-cv-147:  Dkt. 84
   Seehafer, 14-cv-161:  Dkt. 104
   Masephol, 14-cv-186:  Dkt. 119
   Sydow, 14-cv-219:  Dkt. 219
   Boyer, 14-cv-286:  Dkt. 130

The court **granted** each of these motions and has entered a signed copy of defendant's proposed draft order in each case. This should help speed up defendants' receipt of relevant information.

**Stipulation To March 23, 2015 disclosure of Weyerhaeuser's experts**

The court **accepted** this stipulation, which was filed in four of the six cases that were part of the hearing:

   Seehafer, 14-cv-161:  Dkt. 114
   Masephol, 14-cv-186:  Dkt. 136
   Sydow, 14-cv-219:  Dkt. 115
   Boyer, 14-cv-286:  Dkt. 141

The court is entering text-only orders accepting this same stipulation in the two related cases that were not called as part of the March 20, 2015 telephonic motion hearing (Jacobs, 12-cv-899, dkt. 56, and Heckel, 13-cv-459, dkt. 53).

**Weyerhaeuser's motions to amend case management schedule.**

Weyerhaeuser filed this motion in the two cases in which it contends it does not have enough discovery from plaintiffs to submit expert reports by March 23, 2015, namely Prust, 14-cv-143 (dkt. **101**) and Pecher, 14-cv-147 (dkt. **94**). 3M joined both of these motions (dkt. 101 in Prust, dkt. 97 in Pecher),

and each plaintiff filed a response objecting to the court revising the schedules in all of the cases when only two had disclosure problems.

The court **granted** both motions **in principle** in the manner and for the reasons stated at the hearing.  The court noted that several different threads are dangling in these cases, which means that we will have to alter at least some parts of the joint schedule and perhaps re-arrange the order of the trials.  The court needs to issue rulings on the pending substantive motions.  Plaintiffs need to fulfill all of their Rule 26(a)(1) obligations forthwith.  The court's order establishing a scheduling protocol needs to hit the docket, which will provide defendants more efficient access to records and other documents that have not been provided in discovery.  In light of all this, the court moved the deadline to file summary judgment motions to **May 1, 2015** and will move this deadline again if the ends of justice so require.  At this time, the court intends to keep all of the trial dates set in these cases.  It will be up to all parties–plaintiffs as well as defendants–to keep the court timely apprised of what's going on in these lawsuits so that the court can make the necessary adjustments to the schedule as we move forward.

**Plaintiffs' motions to amend scheduling order**

Each plaintiff filed a copy of the same motion under these docket numbers:

Prust, 14-cv-143:        Dkt. 107

Pecher, 14-cv-147:     Dkt. 103

Seehafer, 14-cv-161:   Dkt. 115

Masephol, 14-cv-186:  Dkt. 144

Sydow, 14-cv-219:      Dkt. 123

Boyer, 14-cv-286:       Dkt. 149

In their motions, plaintiffs suggested that the court set specific dates for it to provide its Rule 26(a)(1) disclosures and otherwise move back some of the other dates and deadlines in some of the cases to correspond more closely to the later trial dates in those cases.

The court **granted in part and denied in part** each plaintiff's motion to amend the scheduling order in this set of cases.  As discussed at the hearing, the court expected all parties already to have provided all material covered by Rule 26(a)(1) by virtue of the deadlines set in the rule.  Those deadlines passed almost a year ago.  To the extent this has not been done, it must be done forthwith.

As noted in the previous section, the court moved the summary judgment motion deadline one month and will be flexible about changing other dates and deadlines as required in the interests of justice.  The court also noted, however, that all parties must diligently attend to their discovery and disclosure obligations in these cases because if they do not, the court will not hesitate to prevent prejudice to the

3

other parties in whatever fashion justice requires. Every possible sanction remains on the table to remedy discovery and disclosure obligations, including dismissal of claims, theories of liability, defenses and entire lawsuits as the court deems just and appropriate under the circumstances. That being so, the court will not look for trouble. The court expects that every party and every lawyer will do what it takes to get these cases back up to speed and then to move forward without delay so that we can retain as much of the existing schedule as possible. If not, there will be consequences.

Entered this 20th day of March, 2015.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge