IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MILTON BOYER and KATHY BOYER,

                Plaintiffs,                ORDER

   v.

                                                14-cv-286-wmc

WEYERHAEUSER COMPANY, 3M COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, OWEN-ILLINOIS, CO.,

                Defendants.

------------------------------------------------------------------------------------------------------------------------

RICHARD MASEPHOL,

                Plaintiffs,

   v.

                                                14-cv-186-wmc

WEYERHAEUSER COMPANY, 3M COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, and OWENS-ILLINOIS INC.,

                Defendants.

------------------------------------------------------------------------------------------------------------------------

JANET PECHER, individually and as Special
Administrator on behalf of the Estate of Urban Pecher,

                Plaintiffs,

   v.

                                                14-cv-147-wmc

WEYERHAEUSER COMPANY, 3M COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, and OWENS-ILLINOIS INC.,

                  Defendants.

---

VIRGINIA PRUST, individually and as Special
Administrator on behalf of the Estate of Valmore Prust,

                Plaintiff,

  v.

                                                          14-cv-143-wmc

WEYERHAEUSER COMPANY, 3M COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, and OWENS-ILLINOIS INC.,

                Defendants.

---

ROGER SEEHAFER and JANICE SEEHAFER,

                Plaintiffs,

  v.

                                                          14-cv-161-wmc

WEYERHAEUSER COMPANY and
OWENS-ILLINOIS INC.,

                Defendants.

---

WESLEY F. SYDOW and THERESA SYDOW,

                Plaintiffs,

  v.

                                                          14-cv-219-wmc

WEYERHAEUSER COMPANY, 3M COMPANY,
METROPOLITAN LIFE INSURANCE
COMPANY, and OWENS-ILLINOIS INC.,

                Defendants.

---

BRIAN HECKEL, Individually and
as Special Administrator for the purposes
of this lawsuit on behalf of Sharon Heckel,

        Plaintiff,

 v.

                   13-cv-459-wmc

3M COMPANY, CBS CORP., GENERAL
ELECTRIC CO., METROPOLITAN LIFE
INSURANCE COMPANY, OWENS-ILLINOIS
INC., and WEYERHAEUSER COMPANY,

        Defendants.

---

DIANNE JACOBS, individually and
as Special Administrator for the purposes
of this lawsuit on behalf of Rita Treutel,

        Plaintiff,

 v.

                   12-cv-899-wmc

OWENS-ILLINOIS INC., RAPID AMERICAN
CORPORATION, and WEYERHAEUSER
COMPANY,

        Defendants,

RAPID AMERICAN CORPORATION,

        Cross-claimant,

 v.

OWENS-ILLINOIS INC. and WEYERHAEUSER
COMPANY,

        Cross-Defendants.

---

  The court held a telephonic hearing today on a number of pending discovery motions and also addressed the scheduling orders in place in each case. Plaintiffs

3

appeared by Attorney Robert G. McCoy. Defendant Weyerhaeuser Company appeared by Attorney Joshua J. Metcalf; defendant Owens-Illinois appeared by Attorney Brian O'Connor Watson; defendant 3M Company appeared by Attorney Bradley R. Bultman; and defendant Metropolitan Life Insurance Company appeared by Attorney Smitha Chintamaneni.[1] The purpose of this order is to set forth formally several rulings made during the hearing.

IT IS ORDERED that:

1) by today, plaintiffs must sign and file the confidentiality agreement and protective order previously proposed by defendant Weyerhaeuser. If plaintiffs fail to do so timely, the court will entertain a motion for sanctions.

2) Plaintiffs' motions to compel production of Weyerhaeuser's documents pursuant to Fed. R. Civ. P. 34 filed in two of the cases ('161 dkt. #124; '899 dkt. #64) is GRANTED IN PART AND DENIED IN PART as follows:

   a) Request for Production No. 5:[2] Weyerhaeuser shall produce a list of all such workers' compensation claims by date filed against it for exposure to asbestos without regard to the location where that specific employee worked; in all other respects, denied.

   b) Request for Production No 7: Weyerhaeuser shall produce the closing documents or "binder" for these transactions; in all other respects, denied.

   c) Request for Production No. 8: Denied.

   d) Request for Production No. 9: Weyerhaeuser shall produce all responsive documents.

   e) Request for Production No. 10: Subject to Weyerhaeuser's objections, it shall produce all responsive documents.

---

[1] Formally speaking, each defendant appeared only in those cases for which it is named as a party.

[2] The numbers refer to those requests served in the *Jacobs* case.

    f) Request for Production No. 16: Weyerhaeuser shall produce all advertisements mentioning Owens-Illinois; in all other respects, denied.

    g) Request for Production No. 17: Denied as moot.

    h) Request for Production No. 28: Weyerhaeuser shall produce transaction documents and invoices from Owens-Illinois; in all other respects, denied.

    i) Request for Production No. 30: Denied as duplicative of Request for Production No. 7.

    j) Request for Production No. 34: Weyerhaeuser shall produce all responsive documents for past employees of the Marshfield plant only.

3) Plaintiffs' motions to compel the 30(b)(6) deposition of defendant Weyerhaeuser ('286 dkt. #169; '186 dkt. #164; '147 dkt. #154; '143 dkt. #150; '161 dkt. #141; '219 dkt. #173; '899 dkt. #106; '459 dkt. #104) and defendant Weyerhaeuser's related motions for protective order ('286 dkt. #170; '186 dkt. #165; '147 dkt. #155; '143 dkt. #151; '161 dkt. #164; '219 dkt. #174; '899 dkt. #107; '459 dkt. #105) are GRANTED IN PART AND DENIED IN PART for the reasons provided on the record.  Defendant Weyerhaeuser is directed to produce in good faith individuals with knowledge in the general areas relevant to plaintiffs' nuisance claims.  After that deposition, plaintiffs may seek a further noticed 30(b)(6) deposition on a narrow set of specific topics after consulting with Weyerhaeuser.  If the parties are unable to agree on any further deposition topics, they may return to this court for further guidance.

4) Plaintiffs must make their experts available for deposition before July 15, 2015.  In addition, plaintiffs must produce a complete copy of each noticed expert's file ten days before his or her deposition.  Failure to do so timely will result in sanctions by this court.

5) The deadline for filing dispositive motions in all eight of the above-captioned cases is extended until August 1, 2015.

6) The trial dates in the Masephol, No. 14-cv-186, and Sydow, No. 14-cv-219, cases are STRUCK.  The trial in Masephol is rescheduled for December 7, 2015, and Sydow is rescheduled for June 6, 2016.  In addition, the court set trial dates for Jacobs, No. 12-cv-899, of July 6, 2016, and for Heckel, No. 13-cv-459, of August 8, 2016.  The court will enter amended scheduling orders in these four cases.

7) In light of this court's order granting plaintiffs Masephol and Boyer's motions for reconsideration, reinstating their respective claims against Owens-Illinois, Owens-Illinois may have until June 24, 2015, to serve expert reports in those two cases.

Entered this 3rd day of June, 2015.

                              BY THE COURT:

                              /s/

                              _____
                              WILLIAM M. CONLEY
                              District Judge