IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MILTON BOYER and KATHY BOYER,

                Plaintiffs,                ORDER

   v.

                                                   14-cv-286-wmc

WEYERHAEUSER COMPANY, 3M COMPANY,
and METROPOLITAN LIFE INSURANCE
COMPANY,

                Defendants.

---

KATRINA MASEPHOL, *Individually and as Special
Administrator on behalf of the Estate of Richard Masephol*,

                Plaintiff,

   v.

                                                 14-cv-186-wmc

WEYERHAEUSER COMPANY, 3M COMPANY,
and METROPOLITAN LIFE INSURANCE
COMPANY,

                Defendants.

---

JANET PECHER, *Individually and as Special
Administrator on behalf of the Estate of Urban Pecher*,

                Plaintiff,

   v.

                                                 14-cv-147-wmc

WEYERHAEUSER COMPANY, 3M COMPANY,
and METROPOLITAN LIFE INSURANCE
COMPANY,

                Defendants.

---

VIRGINIA PRUST, *Individually and as Special Administrator on behalf of the Estate of Valmore Prust*,

        Plaintiff,

  v.

WEYERHAEUSER COMPANY, and METROPOLITAN LIFE INSURANCE COMPANY,

        Defendants.

14-cv-143-wmc

---

JANICE SEEHAFER, *Individually and as Special Administrator on behalf of the Estate of Roger Seehafer*,

        Plaintiff,

  v.

WEYERHAEUSER COMPANY,

        Defendant.

14-cv-161-wmc

---

THERESA SYDOW, *Individually and as Special Administrator on behalf of the Estate of Roger Seehafer*,

        Plaintiff,

  v.

WEYERHAEUSER COMPANY, 3M COMPANY, and METROPOLITAN LIFE INSURANCE COMPANY,

        Defendants

14-cv-219-wmc

---

BRIAN HECKEL, *Individually and as Special Administrator on behalf of the Estate of Sharon Heckel*,

        Plaintiff,

 v.

                       13-cv-459-wmc

CBS CORP., GENERAL ELECTRIC CO., METROPOLITAN LIFE INSURANCE COMPANY, and WEYERHAEUSER COMPANY,

        Defendants.

-------------------------------------------------------------------------------------------------------------------

DIANNE JACOBS, *Individually and as Special Administrator on behalf of the Estate of Rita Treutel*,

        Plaintiff,

 v.

                       12-cv-899-wmc

RAPID AMERICAN CORPORATION, and WEYERHAEUSER COMPANY,

        Defendants,

RAPID AMERICAN CORPORATION,

        Cross-claimant,

 v.

WEYERHAEUSER Company,

        Cross-defendant.

   There are several motions pending in the above-captioned cases. The purpose of this order is to rule on certain motions, as well as establish a timeline and process for deciding defendants Weyerhaeuser and 3M Company's respective motions for summary judgment and *Daubert* motions striking expert testimony.

I. **Masephol's Motion to Substitute and Amend Complaint**

Among the motions before the court are plaintiff Richard Masephol's motion to substitute parties and for leave to file third amended complaint. ('186 dkt. #320.) The court will grant the motion to substitute Katrina Masephol as the Special Administrator of the Estate of Richard Masephol as the named plaintiff for her now-deceased father's claims.[1] The court will also grant plaintiff leave to assert a wrongful death claim. As defendant Weyerhaeuser points out in opposition, however, plaintiff's proposed third amended complaint contains *other* changes for which leave to amend was not sought. Specifically, plaintiff would add allegations dealing with state and federal regulations without formal leave to do so. (*See* Weyerhaeuser's Opp'n ('186 dkt. #342) 1-2.) Plaintiff would also add allegations concerning Richard Masephol's exposures and activities. (*See id.* at 2.) The court, therefore, will deny amendment to add both sets of allegations, without prejudice to that evidence, where permissible, being presented at trial or otherwise to demonstrate plaintiff's existing claims. Finally, the court denies plaintiff leave to add a nuisance claim on behalf of Katrina Masephol individually. It is simply too late to interject these additional allegations and claims -- all known at the time of the filing of the original complaint -- in this case.

II. **3M's Motion to Bar Plaintiffs' Expert Dr. Arnold Brody**

3M seeks to exclude expert testimony by Dr. Arnold Brody because of plaintiffs' refusal to produce him for a deposition as required by Federal Rule of Civil Procedure

---

[1] The court has modified the caption to reflect this amendment.

26(b)(4)(A). Plaintiffs oppose this motion as well as 3M's efforts to depose Dr. Brody on the basis that his testimony does not concern the 8710 respirator, but rather concerns more generally "the physiological design and function of the lungs, how asbestos fibers migrate through the body and are deposited in the lungs, the different types of asbestos fibers, and the science of the asbestos- related disease process." (Pls.' Opp'n ('186 dkt. #336) 2.) Plaintiffs further argue that a deposition is unnecessary since 3M and its counsel have previously made appearances at other depositions of Dr. Brody in other lawsuits in other courts. Plaintiffs' position is untenable. Regardless of 3M's familiarity with Dr. Brody, it has a right under Rule 26 to depose Dr. Brody. While the court will not strike Dr. Brody's testimony as a sanction, the court will require plaintiff to produce Dr. Brody for a deposition on or before December 31, 2015. Failure to do so will result in plaintiffs being prevented from offering his testimony at the trial against 3M.

### III. Weyerhaeuser's *Daubert* Motion

On December 7, 2015,[2] the court will hold a hearing on Weyerhaeuser's *Daubert* motion seeking to exclude plaintiffs' experts Frank M. Parker, III, Henry A. Anderson, M.D., and Jerrold L. Abraham, M.D.[3] Because Weyerhaeuser's motion for summary judgment primarily turns on the admissibility of plaintiffs' proffered expert testimony that the community and household exposure can be separated from the significant

---

[2] This is the date currently set for the start of trial in the *Masephol* case.

[3] As part of this hearing, the court will also consider whether Anderson's allegedly new testimony, proffered for the first time in his deposition, should be struck. (*See, e.g.*, Weyerhaeuser's Mot. to Strike Anderson's Testimony ('186 dkt. #303).)

occupations exposure, and that the community and household exposure was a substantial contributing factor to each plaintiff's injuries, the court will stay a decision on Weyerhaeuser's motions for summary judgment pending that hearing as well. As such, the court will also strike the trial dates in *Masephol*, *Boyer*, and *Seehafer* and all pre-trial deadlines in those cases pending a determination on the *Daubert* motion and related motions for summary judgment.

At the *Daubert* hearing, the court anticipates hearing testimony from each challenged expert on the specific issue of whether the community and household exposure was a substantial contributing factor and the scientific basis for that opinion, as well as argument from plaintiffs and defendant Weyerhaeuser as to its admissibility.[4]

## IV. Trial Plan for Plaintiffs' Claims against 3M

The court will issue an opinion on 3M's summary judgment motion shortly. In the meantime, plaintiffs Boyer, Masephol, Pecher, and Sydow's negligence claims, and perhaps even their strict liability claims, appear likely to survive the motion. Moreover, because all four plaintiffs' claims hinge on a showing that the 8710 respirator was defective, the court will consolidate these four cases for purposes of trial. The court envisions that the first phase will cover all common claims concerning liability, while the second phase will address the individual plaintiff's proof of causation respective damages, including, if appropriate, punitive damages. That trial will commence on February 16,

---

[4] While defendant 3M may participate in the hearing, it need not do so, since its challenge to plaintiffs' experts' testimony does not concern the untangling of community and household exposure from occupational exposure.

2016, the date currently set for the *Seehafer* trial. The pretrial deadlines governing the *Seehafer* trial will now govern this consolidated trial against 3M.

ORDER

IT IS ORDERED that:

1) Plaintiff Masephol's motion to substitute parties and for leave to file third amended complaint ('186 dkt. #320) is GRANTED IN PART AND DENIED IN PART as described above.

2) Defendant 3M's motions to exclude testimony of Dr. Arnold Brody ('286 dkt. #313; '186 dkt. #317; '147 dkt. #279; '219 dkt. #327) are GRANTED IN PART AND DENIED IN PART. Plaintiffs must produce Dr. Brody for a deposition by December 31, 2015, if plaintiffs intend to call Dr. Brody to testify at the consolidated trial on plaintiffs' claims against 3M.

3) The trial dates and pre-trial deadlines in the *Masephol*, *Boyer*, and *Seehafer* are STRUCK.

4) The court will hold a hearing on Weyerhaeuser's motions to exclude plaintiff's expert witnesses ('286 dkt. #299; '186 dkt. #300; '147 dkt. #239; '219 dkt. #321; '143 dkt. #233; '161 dkt. #268; '459 dkt. #187; '899 dkt. #164) on December 7, 2015, at 9:00 a.m.

5) Plaintiffs Boyer, Masephol, Pecher, and Sydow's claims against defendant 3M are consolidated for purposes of trial. That trial will commence on February 16, 2016. The pretrial deadlines set in the *Seehafer* case will govern that trial.

Entered this 6th day of November, 2015.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge