IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

KATHY BOYER, *individually and as Special Administrator of the Estate of Milton Boyer*,

                Plaintiff,

v.

WEYERHAEUSER COMPANY,

                Defendant.

OPINION AND ORDER

14-cv-286-wmc

Plaintiff Kathy Boyer submitted a proposed spoliation inference instruction, along with a hard hitting brief in support of that instruction, which asserts that the evidence supports a finding that defendant Weyerhaeuser Company acted in bad faith in losing or destroying many documents about the use of asbestos materials and of asbestos emissions into the community.  In response to that brief, defendant Weyerhaeuser served a Rule 11 motion, which contended that plaintiff significantly misrepresented defendant's discovery production.  Apparently, the serving of this Rule 11 motion prompted plaintiff to file an amended brief, because it is several pages shorter than her original filing and omits certain information, including most notably a list of documents plaintiff originally contended "Weyerhaeuser possessed and then caused to be destroyed or lost."  (*Compare* Pl.'s Original Br. (dkt. #511) 24 *with* Pl.'s Am. Br. (dkt. #521) (containing no list).)

In response to the amended brief, defendant Weyerhaeuser lays out in great detail its extensive production of documents in June 2015; it also responds to plaintiff's claims of missing documents, pointing out either that the documents were produced or never existed in the first instance.  (Def.'s Opp'n (dkt. #546).)  Perhaps as best evidenced by

plaintiff's own filings -- including an amended brief containing additional allegations of missing documents, followed by a trimmed down submission -- any document issues in this case more likely reflect plaintiff counsel's failure to manage review and catalogue what was produced, than it does defendant's failure to retain or produce requested documents.

Even assuming plaintiff's basic allegations had merit, the proper route would have been to raise this issue in a discovery-related motion, giving the court and defendant an opportunity to consider an appropriate sanction, not waiting until the las few weeks before trial to fling such an inflammatory accusation. *See, e.g., Plantam v. Harry S. Truman Coll.*, No. 10 C 108, 2011 WL 5122691 (N.D. Ill. Oct. 28, 2011) (striking statement of facts based on spoliation, in part, because plaintiff failed to raise any objection in a discovery-related motion). Here, plaintiff raised the issue of spoliation for the *first* time in submitting proposed jury instructions, failing at any point to alert the court to any claimed discovery lapses.

And even if plaintiff had *timely* put forth credible evidence of the destruction of evidence, her counsel failed to put forth evidence from which a reasonable jury could find bad faith.[1] Plaintiff bases her entire claim of bad faith on the fact that documents are missing, which itself proves to be a moving target. While a jury may rely on

---

[1] Contrary to defendant's position, upon a sufficient showing that defendant failed to retain evidence or had destroyed evidence after notice of its possible relevance, the question of whether a party acted in bad faith for purposes of finding an adverse inference could be posed to a jury. *See Epic Sys. Corp. v. Tata Consultancy Servs. Ltd.*, No. 14-CV-748-WMC, 2016 WL 1317704, at *1 (W.D. Wis. Apr. 1, 2016); 7th Cir. Civ. Pattern Civil Jury Instr. § 7.1 (2015), *available at* http://www.ca7.uscourts.gov/Pattern_Jury_Instr/7th_cir_civil_instructions.pdf.

circumstantial evidence, including the fact evidence is missing, such evidence in and of itself is insufficient to find bad faith. *See Norman-Nunnery v. Madison Area Tech. Coll.*, 625 F.3d 422, 429-30 (7th Cir. 2010) ("Stating simply that the documents were missing is also true and implies nothing."). Moreover, to the extent plaintiff is arguing that she need not prove bad faith either to the court or to a jury to benefit from an adverse inference, this is not consistent with the law in the Seventh Circuit. *See Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008) ("Such a showing [of bad faith] is a prerequisite to imposing sanctions for the destruction of evidence.").

Accordingly, defendant's objection to plaintiff's spoliation instruction is SUSTAINED.

Entered this 5th day of May, 2016.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge